## HARKNESS *v.* HYDE.

1. Process from a district court of Idaho cannot be served upon a defendant on an Indian reservation in that Territory.
2. Illegality in the service of process by which jurisdiction is to be obtained is not waived by the special appearance of the defendant to move that the service be set aside; nor after such motion is denied, by his answering to the merits. Such illegality is considered as waived only when he, without having insisted upon it, pleads in the first instance to the merits.

ERROR to the Supreme Court of the Territory of Idaho.

The facts are stated in the opinion of the court.

*Mr. George H. Williams* for the plaintiff in error.

*Mr. R. P. Lowe* for the defendant in error.

MR. JUSTICE FIELD delivered the opinion of the court.

This was an action to recover damages for maliciously and without probable cause procuring the seizure and detention of property of the plaintiff under a writ of attachment. It was brought in September, 1873, in a district court of the Territory of Idaho for the county of Oneida. The summons, with a copy

of the complaint, was soon afterwards served by the sheriff of the county on the defendant, at his place of residence, which was on the Indian reservation, known as the Shoshonee reservation.

The defendant thereupon appeared specially by counsel appointed for the purpose, and moved the court to dismiss the action, on the ground that the service thus made upon him on the Indian reservation was outside of the bailiwick of the sheriff, and without the jurisdiction of the court. Upon stipulation of the parties, the motion was adjourned to the Supreme Court of the Territory, and was there overruled. To the decision an exception was taken. The case was then remanded to the District Court, and the defendant filed an answer to the complaint. Upon the trial which followed, the plaintiff obtained a verdict for $3,500. Upon a motion for a new trial, the amount was reduced to $2,500; for which judgment was entered. On appeal to the Supreme Court of the Territory, the judgment was affirmed. The defendant thereupon brought the case here, and now seeks a reversal of the judgment, for the alleged error of the court in refusing to dismiss the action for want of jurisdiction over him.

The act of Congress of March 3, 1863, organizing the Territory of Idaho, provides that it shall not embrace within its limits or jurisdiction any territory of an Indian tribe without the latter's assent, but that "all such territory shall be excepted out of the boundaries, and constitute no part of the Territory of Idaho," until the tribe shall signify its assent to the President to be included within the Territory. 12 Stat. 808.

On the 3d of July, 1868, a treaty with the Shoshonee Indians was ratified, by which, among other things, that portion of the country within which service of process on the defendant was made in this case was set apart for their "absolute and undisturbed use and occupation;" and such other friendly tribes or individual Indians as they might be willing, with the consent of the United States, to admit amongst them; the United States agreeing that no persons except those mentioned, and such officers, agents, and employés of the government as might be authorized to enter upon Indian reservations in discharge of

duties enjoined by law, should ever be permitted " to pass over, settle upon, or reside" in the territory reserved, and the Indians relinquishing their title to any other territory within the United States. 15 id. 674, art. 2. No assent was given by this treaty that the territory constituting the reservation should be brought under the jurisdiction, or be included within the limits, of Idaho. Any implication even of such an assent is negatived by the terms in which the reservation is made, and it is not pretended that any such assent has been signified to the President. The territory reserved, therefore, was as much beyond the jurisdiction, legislative or judicial, of the government of Idaho, as if it had been set apart within the limits of another country, or of a foreign State. Its lines marked the bounds of that government. The process of one of its courts, consequently, served beyond those lines, could not impose upon the defendant any obligation of obedience, and its disregard could not entail upon him any penalties. The service was an unlawful act of the sheriff. The court below should, therefore, have set it aside on its attention being called to the fact that it was made upon the defendant on the reservation. The motion was to dismiss the action; but it was argued as a motion to set aside the service; and we treat it as having only that extent. The code of Idaho considers an action as commenced when the complaint is filed, and provides that a summons may be issued within one year afterwards. Had the defendant been found in Idaho outside the limits of the Indian reservation, he might during that period have been served with process.

There can be no jurisdiction in a court of a Territory to render a personal judgment against any one upon service made outside its limits. Personal service within its limits, or the voluntary appearance of the defendant, is essential in such cases. It is only where property of a non-resident or of an absent defendant is brought under its control, or where his assent to a different mode of service is given in advance, that it has jurisdiction to inquire into his personal liabilities or obligations without personal service of process upon him, or his voluntary appearance to the action. Our views on this subject are expressed at length in the late case of *Pennoyer* v. *Neff* (95 U. S. 714), and it is unnecessary to repeat them here.

The right of the defendant to insist upon the objection to the illegality of the service was not waived by the special appearance of counsel for him to move the dismissal of the action on that ground, or what we consider as intended, that the service be set aside ; nor, when that motion was overruled, by their answering for him to the merits of the action.   Illegality in a proceeding by which jurisdiction is to be obtained is in no case waived by the appearance of the defendant for the purpose of calling the attention of the court to such irregularity ; nor is the objection waived when being urged it is overruled, and the defendant is thereby compelled to answer.   He is not considered as abandoning his objection because he does not submit to further proceedings without contestation.   It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived.

The judgment of the Supreme Court of the Territory, therefore, must be reversed, and the case remanded with directions to reverse the judgment of the District Court for Oneida County, and to direct that court to set aside the service made upon the defendant ; and it is

*So ordered.*