### MURRAY et al. v. STRONG.

(Third Division. Fairbanks. September 4, 1905.)

No. 350.

JUDGMENT—FOREIGN JUDGMENTS—NOTICE.

> A judgment was obtained in Yukon Territory, Canada, against a resident and citizen of Alaska upon notice served on him in Alaska. *Held*, that the judgment was null and void; the personal service of the Canadian summons in Alaska gave no jurisdiction to the foreign court.

> [Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 1520.]

This is a suit to recover from the defendant the amount of a foreign judgment rendered against him in the Territorial

Court of the Yukon Territory, Dominion of Canada, on May 8, 1905, for the sum of $728.83. A copy of the proceedings in the Yukon court upon which the judgment is based is attached to the complaint. The certificate of the clerk of the Territorial Court of the Yukon Territory alleges that "the said defendant was personally served with a notice of the writ of summons herein, and a copy of the plaintiffs' statement of claim herein, as appears by an affidavit of service sworn and filed herein." He then certifies to the correctness of the judgment, but no copy of the affidavit of service is attached, and no further mention made of it by the clerk. The judgment recites that "the defendant, William G. Strong, residing out of the jurisdiction, not having appeared to the writ of summons herein, although personally served with a notice of said writ of summons, as appears by an affidavit of service this day filed, it is this day adjudged," and then judgment for the amount. The record contains no other recital of service, and it is not alleged in the complaint that personal service was had on the defendant in Yukon Territory, or within other territory belonging to Great Britain.

The answer, after denials, alleges as a further answer that defendant left Yukon Territory in February, 1902, intending never to return, and since said date has been an actual resident of Alaska; that he has had no property in Yukon Territory since that date, and that he is a citizen of the United States. He also alleges "that he never appeared in said action, and never was served with process in the Yukon Territory, nor within the jurisdiction of said Territorial Court of the said Yukon Territory." It was conceded upon the argument that the only service made was a personal service of the Yukon writ upon the defendant in Alaska.

Miller, West, and De Journal, for plaintiffs.
Condon, Hess & Brown, for defendant.

WICKERSHAM, District Judge. In the case of Bischoff v. Wethered, 76 U. S. (9 Wall.) 812, 19 L. Ed. 829, the judgment sued on was rendered in the Common Pleas at Westminster Hall, in England, upon personal service on defendant at Baltimore, Md. The Supreme Court said:

"As to the first point raised, to wit, the effect of the proceedings in the Common Pleas at Westminster Hall, it is enough to say that it was wholly without jurisdiction of the person, and whatever validity it may have in England, by virtue of the statute law, against property of the defendant there situate, it can have no validity here, even of a prima facie character. It is simply null."

Other decisions support this authority. D'arcy v. Ketchum, 11 How. 165, 13 L. Ed. 648; Pennoyer v. Neff, 95 U. S. 714, 720, 24 L. Ed. 565; Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237.

The judgment sued on is null and void for want of jurisdiction, and the demurrer to the answer is overruled. Unless the reply alleges personal service on the defendant within the jurisdiction of the Yukon court, the case must be dismissed for want of jurisdiction.