## YANUSZAUCKAS v. MALLORY S. S. CO.

(Circuit Court of Appeals, Second Circuit. February 15, 1916.)

No. 136.

1. COURTS ⬪270—FEDERAL COURTS—JURISDICTION.

Where plaintiff is an alien, the District Court of a district other than that of defendant's residence has no jurisdiction over the action, unless the parties consent.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 810; Dec. Dig. ⬪270.]

2. APPEARANCE ⬪9(5)—SPECIAL APPEARANCE—WHAT CONSTITUTES.

Where defendant appeared specially for the purpose of moving to dismiss, and the notice of appearance so stated, defendant's appearance was special, and did not confer jurisdiction on the court.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 47–49; Dec. Dig. ⬪9(5).]

3. APPEARANCE ⬪10—SPECIAL APPEARANCE—TIME TO PLEAD.

Where defendant appeared specially for the purpose of moving to dismiss the summons and complaint, the fact that it thereafter applied for an order extending the time to plead generally, in case it should be held the court had jurisdiction of the action, such application did not convert the special appearance into a general one, giving the court jurisdiction.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 53, 54; Dec. Dig. ⬪10.]

4. COURTS ⬪274—FEDERAL COURTS—JURISDICTION—CITIZENSHIP OF CORPORATION.

A corporation must be considered as a citizen of the state wherein it was incorporated.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. ⬪274.]

5. COURTS ⬪276—FEDERAL COURTS—VENUE—WAIVER—"CITIZENSHIP."

"Citizenship" can be acquired only by birth and naturalization; hence an averment in the complaint that plaintiff was a citizen of the state by domicile and residence was meaningless, and where defendant moved to dismiss because the United States District Court was without jurisdiction, the allowance of an amendment setting up plaintiff's alienage did not affect defendant's rights.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. ⬪276.

For other definitions, see Words and Phrases, First and Second Series, Citizenship.]

In Error to the District Court of the United States for the Eastern District of New York.

Action by John Yanuszauckas against the Mallory Steamship Company. The complaint was ordered dismissed, and plaintiff's motion for judgment by default denied, and he brings error. Orders affirmed.

Baltrus S. Yankaus, of New York City (Frank J. Felbel, of New York City, of counsel), for plaintiff in error.

James A. Hatch, of New York City (Wharton Poor, of New York City, of counsel), for defendant in error, appearing specially.

Before LACOMBE, COXE, and WARD, Circuit Judges.

⬪For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

COXE, Circuit Judge. The plaintiff is an alien and the defendant is a Maine corporation. The plaintiff sues for damages for injuries sustained by him while being employed by the defendant in unloading the steamer Brazos, owned by the defendant, while the steamer was attached to Pier 38, North River. The suit was commenced in the District Court for the Eastern District of New York.

[1] We think it clear that, unless both parties consent, the action cannot be maintained in the Eastern district for the reason that the plaintiff is an alien and the defendant is a Maine corporation.

[2] The defendant appeared specially for the sole purpose of moving to dismiss. The statement in the notice of appearance that the defendant appears "specially for the purpose of moving to dismiss the summons and complaint" prevents it from being considered as a general appearance. In Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237, the court says:

"It is only where he (the defendant) pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived."

See also Shaw v. Spencer, 100 Mass. 382, 97 Am. Dec. 107, 1 Am. Rep. 115, and Waters v. Central Trust Co., 126 Fed. 469, 62 C. C. A. 45.

[3] The defendant asserted this position at the earliest moment by moving to dismiss and appearing for that purpose only. The application for an order extending the time to plead generally in case it should be held that the suit was properly brought in the Eastern district, cannot be regarded as a waiver of the position taken in the motion to dismiss. It was only a wise precaution to enable the defendant to defend on the merits if the jurisdiction in the Eastern district should be upheld. The judge simply said, in effect, that if he found that the action was properly brought in the Eastern district he would permit the defendant to answer and defend on the merits. To assert that the defendant was compelled to accept a situation which might result in a default being taken against him while the court was considering its rights is both illogical and unfair.

[4, 5] The defendant being a Maine corporation must be regarded as a citizen of Maine and the venue must be laid there unless it consents to be sued elsewhere. It has not so consented. The original complaint contained no averment either that the plaintiff was a citizen or an alien. The averment, "that the plaintiff is a citizen of the state of New York by his domicile and residence and is a resident of the Eastern district of New York," is meaningless. Citizenship can be acquired only by birth or naturalization. The amendment permitted by the court allowing the plaintiff to allege that he was an alien did not operate as a waiver of the defendant's rights.

The orders of the District Court are affirmed.