VITKUS v. CLYDE S. S. CO. (two cases).

(District Court, E. D. New York. March 13, 1916.)

1. REMOVAL OF CAUSES ⊙⟳115—JURISDICTION ACQUIRED BY FEDERAL COURT—SUFFICIENCY OF SERVICE.

On removal of a cause from a state court, the sufficiency of the service, made under the state law, is still to be tested by the necessities required to give jurisdiction in an action instituted at the outset in the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 245, 247, 248, 251; Dec. Dig. ⊙⟳115.]

2. COURTS ⊙⟳338, 344—FEDERAL COURTS—CONFORMITY TO STATE PRACTICE.

When an action is commenced in a federal court, the provisions of Judicial Code (Act March 3, 1911, c. 231) §§ 24–27, 40–68, 36 Stat. 1091, 1094, 1100–1105 (Comp. St. 1913, §§ 991, 1007–1009, 1022–1050), relating to jurisdiction and the service of process, cannot be superseded nor affected by the laws of the state. As to matters covered by such Code the conformity statute (Rev. St. § 914 [Comp. St. 1913, § 1537]) has no application.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 901, 917; Dec. Dig. ⊙⟳338, 344.]

3. COURTS ⊙⟳273, 344—FEDERAL COURTS—SERVICE IN ANOTHER DISTRICT.

A federal court service outside of the district, on a single defendant residing in another district of the same state, can be made only in actions of a local nature, and in such case the summons must issue to the marshal of such district.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 813, 917; Dec. Dig. ⊙⟳273, 344.]

4. PROCESS ⊙⟳155—FEDERAL COURTS—OBJECTIONS TO SERVICE.

In a federal court application to set aside the service of summons, either for defect in the service itself or for want of jurisdiction over the person of the defendant, may be made by motion or plea, if presented before the·question raised has been waived by a general appearance or its equivalent.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 210; Dec. Dig. ⊙⟳155.]

5. COURTS ⊙⟳270—JURISDICTION OF FEDERAL COURT—DISTRICT OF SUIT.

Under Judicial Code, § 51 (Comp. St. 1913, § 1033), an action by an alien to recover damages for personal injury can be brought only in the district whereof defendant is an inhabitant, unless the objection be waived.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 810; Dec. Dig. ⊙⟳270.]

At Law. Actions by Frank Vitkus against the Clyde Steamship Company. On motions to set aside service of summons and to dismiss for want of jurisdiction. Motions sustained.

Baltrus S. Yankaus, of New York City, for plaintiff.

Haight, Sandford & Smith, of New York City, for defendant, appearing specially.

CHATFIELD, District Judge. In each of the above cases, as in several others decided herewith, motion has been made to this court, prior to the interposition of an answer, for an order setting aside the alleged service of the summons and complaint and dismissing the

action, upon grounds which will be stated specifically as each one is taken up for discussion. In each instance the defendant making the motion has appeared "specially" by attorneys for the purpose of making these motions, and in each instance the defendant has intended to avoid a waiver of the right to object to the jurisdiction of the court over the case, while moving upon the alleged failure to acquire jurisdiction over the person of the defendant making the motion.

The plaintiff urges certain grounds for denying the motion in each instance, which are common to the various cases, and which therefore need be discussed but once. In each case the service of the summons has been made upon some person who, the plaintiff claims, *under the laws of the state of New York*, represents the defendant sufficiently to enable the plaintiff to acquire jurisdiction by delivering the summons to that individual.

The actions are at law, and are of course governed by section 914 of the Revised Statutes (Comp. St. 1913, § 1537), providing that in actions at law the "practice, pleadings, and forms and modes of proceeding * * * shall conform, as near as may be," to those of the state within which the court is held. The plaintiff therefore claims that the laws of the state relating to the methods of service of papers, unless specifically changed by statute of the United States, shall control, and that jurisdiction over the cause of action and over the person of the defendant may be obtained in all cases and in the same way in which jurisdiction over the cause of action and over the persons of the defendant could be obtained in an action started in the Supreme Court of the state and removed into the federal court for this district on the ground of diversity of citizenship.

[1] With this proposition, the defendants take issue. If actions are started and removed into this court, the sufficiency of the service under the state law is still tested by the necessities required to give jurisdiction in an action instituted at the outset in the federal court. Goldey v. Morning News, 156 U. S. 518, 522, 15 Sup. Ct. 559, 39 L. Ed. 517.

[2] But, when an action is started in the United States court, the statutes creating jurisdiction and relating to the service of papers now embodied in Judicial Code, §§ 24 to 27 and 40 to 68, can in no way be superseded by the laws of the state. The provisions of section 914, Revised Statutes, supra, do not enlarge the specific enactments of the sections mentioned. On the contrary, they are merely applicable, so far as they may be used, to carry out those sections.

[3] As was held in the case of Kuzma v. Witherbee, Sherman & Co., 232 Fed. 286, decided in this court on the 25th of May, 1915, service outside of the district, within the same state, upon a single defendant, residing in another district, can be made only in actions of a local nature, and in such a case the summons must issue to the marshal of the other district. The present actions under consideration are not local in their nature, and the summons or process was directed to the marshal of this district. It certainly could not run beyond the boundaries of the district, and the provisions of the New York state Code are not effective to enlarge the district or the territory within which the suit may be brought. Atkins v. Fibre Disintegrating Co.,

232 F.—19

2 Fed. Cas. at page 84 (No. 602). The "District Courts of the United States cannot send their process into another district, in suits at common law or in equity, and thereby obtain jurisdiction of the person." Harkness v. Hyde, 98 U. S. at page 478, 25 L. Ed. 237; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Insurance Co. v. Bangs, 103 U. S. 439, 26 L. Ed. 580. This limitation has been removed by statute in some instances, such as by section 59 of the Judicial Code, but none of these cover the present case.

[4] Second. The plaintiff in each case claims that under the state Code of New York no objection as to jurisdiction over the cause of action or over the person of the defendant can be raised except by demurrer or answer. Section 487, Code of Civil Procedure of New York. This proposition is denied by all of the defendants, and it may be assumed that upon a special appearance in the United States court an application to set aside an alleged service of summons and complaint, either for defect in the service itself or for lack of jurisdiction over the person of the defendant, may be made by motion or by plea, if that application be presented to the court before the question raised has been waived by a voluntary appearance, or what is equivalent thereto. Goldey v. Morning News, supra; Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768. It is in the nature of a special plea to jurisdiction and must be made as soon as the defect appears, for, as has been seen, the right not to be sued in any district other than the one where the defendant resides, or to object to the manner of service, may be lost by waiver. Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; Southern Pacific Co. v. Denton, 146 U. S. 206, 13 Sup. Ct. 44, 36 L. Ed. 942.

[5] We must therefore look to the manner in which the process of the court has been obtained, issued, and served, and to the action of the defendant in seeking to avoid what is claimed by the plaintiff to be a valid service of that process, so as to bring the defendant into court. In the two cases of Vitkus v. Clyde Steamship Co. (Nos. 105 and 106) the defendant appears specially and moves upon the summons and complaint, and upon a complaint in an action previously brought in the Supreme Court of the state of New York, as well as the judgment dismissing that action, and upon the affidavits of various individuals, to set aside service of the summons and complaint issued out of this court directing the defendant to appear.

The causes of action alleged in the pleadings refer to the same transaction as that considered in the action in which judgment of dismissal in the state court was granted, because of lack of proof as to the scope of the employment of the defendant's employé who is alleged to have assaulted the plaintiff. A copy of each summons and complaint was served upon an employé of the New York & Porto Rico Steamship Company at the Brooklyn pier where the summons was served. Steamers of the defendant company dock at this pier, and under the contract the stevedoring is done by the New York & Porto Rico Steamship Company. The person served is the head stevedore, who does the work and is therefore primarily the employé of an independent con-

tractor, and not an officer of the defendant. Whether he has authority constituting him a resident agent of the defendant depends upon the facts shown.

The defendant is incorporated in the state of Maine, the plaintiff is an alien, and under the cases already cited an action could be brought against the defendant only in the district where it is an inhabitant—that is, where it had its home office or place of incorporation—unless the right to insist thereon were waived. Galveston, etc., Railway v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248; In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164. If jurisdiction over the person of the defendant is successfully acquired, it is evident that this court would have jurisdiction of the cause of action as between the plaintiff and defendant, inasmuch as this is a cause of action between an alien and a citizen, which is not inherently a federal question, but over which the federal courts have concurrent jurisdiction. Male v. A., T. & S. F. Railway Co., 240 U. S. 97, 36 Sup. Ct. 351, 60 L. Ed. —— (Feb. 21, 1916).

The defendant has included in his moving affidavits the statement that a similar suit, based upon the same transaction, was tried in the state court of New York and the complaint dismissed. While this action was between the same parties, the allegations are not presented upon a plea of res adjudicata, and no use is made of these facts, except to point out the allegation of the plaintiff in the state court that the defendant was a corporation of the state of Maine. This bears out the affidavit of the defendant, and for the purpose of this motion adds to the language of the complaint, by showing that the action is brought by an alien against a citizen of the United States, who is also the inhabitant of—that is, domiciled in—a particular state.

Without, therefore, the need of an amendment to the complaint, and without the necessity of interposition of a plea by the defendant, the matter can be finally disposed of. If the plaintiff and defendant were both aliens, jurisdiction would not lie in the United States courts. If the defendant is a citizen inhabitant of a state other than New York, this court has no jurisdiction, unless the right of the defendant to object has been waived. A specific plea of res adjudicata would be a waiver of defendant in the manner of service, and also a waiver of the right to object to the exercise of jurisdiction by this particular federal court.

In each of the actions brought by Vitkus, the objection to service upon the head stevedore of the Porto Rico Company in Brooklyn is plainly made, in addition to the objection that the court has no personal jurisdiction over the defendant, and criticism of the manner of service of the summons is not of itself in these cases a waiver of the primary objection to the jurisdiction of the court itself. The defendant has appeared specially and has made no motion with respect to pleading, except the one motion to set aside the service and dismiss the action for failure to obtain jurisdiction over a defendant which is an inhabitant of the state of Maine. The case differs from that of St. Louis S. W. Ry. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77, in that this action is brought originally

in the federal court, and has not been removed from the state court for the purpose of testing the manner of service alone.

In one of the Vitkus Cases, a summons and complaint was served on the same day upon an officer of the defendant in the Southern district of New York. As to this service the defendant has raised the additional question that the summons of this court cannot run out of the district. Such service is evidently bad, and if the defendant in any way appeared generally in this action, or in attacking the service waived the right to object to the maintenance of the action itself in this district, the result of the motion could be only that the particular service should be set aside, and that the action could proceed if proper service could be obtained. But as the defendant has, without waiver of jurisdiction, urged the fundamental objection to the maintenance of the action, the situation is exactly the same as that in the case of Yanuszauckas v. Mallory Steamship Co. (C. C. A. 2d Circuit, February, 1916) 232 Fed. 132, —— C. C. A. ——.

The motion to dismiss the case for want of jurisdiction over the defendant corporation in this district must be granted in each action.