## TAUZA v. PENNSYLVANIA R. CO.

### (District Court, E. D. New York. March 13, 1916.)

1. COURTS ⬤➞344—FEDERAL COURTS—SERVICE OF PROCESS.
    In an action in the Eastern district of New York against a corporation, service of process in the Southern district on an agent designated under the laws of the state will be set aside on motion, as the designation of an agent adds nothing to the jurisdiction of a United States court over an action started in that court.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. ⬤➞344.]

2. COURTS ⬤➞266—FEDERAL COURTS—TERRITORIAL JURISDICTION.
    That state courts have jurisdiction throughout the entire state cannot enlarge the authority of a federal court to do things beyond the physical limits of its own jurisdiction, except where a statute extends that jurisdiction beyond the boundaries of the district.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 806–808; Dec. Dig. ⬤➞266.]

3. PROCESS ⬤➞155—MOTIONS TO SET ASIDE SERVICE.
    An objection that summons was not properly served can be raised by motion to set aside the service upon the face of the complaint.
    [Ed. Note.—For other cases, see Process, Cent. Dig. § 210; Dec. Dig. ⬤➞155.]

4. COURTS ⬤➞276—DISTRICT IN WHICH SUIT MUST BE BROUGHT—WAIVER.
    The federal court of a district other than that of defendant's residence may exercise jurisdiction over a case of a nature of which federal courts generally have jurisdiction, if the right to object to the bringing of the action in that particular district is waived.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. ⬤➞276.]

At Law. Action by George Tauza against the Pennsylvania Railroad Company. On motion to set aside the service. Motion granted.

Baltrus S. Yankaus, of New York City, for plaintiff.

Burlingham, Montgomery & Beecher, of New York City, for defendant, appearing specially.

CHATFIELD, District Judge. [1, 2] The complaint in this action was served upon a designated agent of the defendant (under the laws of the state) in the Southern district of New York. As has been shown in the previous cases (Vitkus v. Clyde Steamship Co., 232 Fed. 288, and other similar cases decided this day), the designation of an agent does not add anything to the jurisdiction of the United States court in this district over an action started in this court. The jurisdiction of the state courts, throughout the entire state, cannot enlarge the authority of this court to do things beyond the physical limits of its own jurisdiction, except in instances where a statute of Congress extends that jurisdiction beyond the boundaries of this particular district.

[3, 4] The defendant moves to set aside the service solely upon the objection that the summons was not properly served. Such objection can be raised by motion upon the face of the complaint. The United

States courts generally have jurisdiction over cases of this nature, and the court, in a particular district other than that of the defendant's residence, may exercise jurisdiction over the case, if the parties are properly in court (that is, if the right to object to the bringing of the action in that particular district is waived). See cases cited in the preceding opinions.

This defendant, while objecting to the service, has at the same time applied to the court in its order to show cause, and obtained protection against judgment by default, upon the theory that it had a valid defense upon the merits, and that it wishes to oppose the plaintiff's claim if the court decides that it should. Whether this is a submission to the jurisdiction of the court, and whether the defendant has waived the right to present objection to the maintenance of a suit in this district, if proper service can be made, need not now be considered.

The relief asked and the facts seem to distinguish this from the case of Yanuszauckas v. Mallory Steamship Co. (C. C. A. 2d Circuit, Feb., 1916) 232 Fed. 132, —— C. C. A. ——, or at least from the propositions on which the court relied in deciding that case. But the motion to set aside the service must be granted.