## HARASIMOWICZ v. PENNSYLVANIA R. CO. et al.

(District Court, E. D. New York. March 13, 1916.)

1. Courts ⬿344—Federal Courts—Service of Process.

Where, though corporations made sales of coal to parties in the Eastern district of New York, and deliveries in that district followed the sales, they had no regular place of business or representative within the district, service of process within such district upon a sales agent for such companies residing within the district, but having his office in the Southern district of New York, was insufficient.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. ⬿344.]

2. Courts ⬿274—Federal Courts—District in Which Suit Must be Brought.

Judicial Code (Act March 3, 1911, c. 231) § 50, 36 Stat. 1101 (Comp. St. 1913, § 1032), provides that when there are several defendants, and one or more of them are neither inhabitants of nor found within the district, and do not voluntarily appear, the court may entertain jurisdiction and proceed to the trial and adjudication of the suit between the parties before it. Held, that the words "found in the district" do not confer jurisdiction over corporations not inhabitants of the district, except in special cases provided by other statutes, such as patent cases.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. ⬿274.]

3. Appearance ⬿24(5)—Waiver of Defects in Service.

Where defendants made application to set aside the service of process upon a special appearance, and asked that plaintiff be stayed from further proceedings until determination of the motion, they did not waive a defect in the service of process.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 126, 130–132, 134–136, 139, 140; Dec. Dig. ⬿24(5).]

---

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

· At Law. Action by Julian Harasimowicz, also known as Louis Harris, against the Pennsylvania Railroad Company and others. On motion by the defendants Mineral Railroad & Mining Company and another to set aside the service of process. Motion granted.

Baltrus S. Yankaus, of New York City, for plaintiff.

Burlingham, Montgomery & Beecher, of New York City, for defendants Pennsylvania R. Co. and Northern Cent. Ry. Co.

Kellogg & Rose, of New York City, for defendants Mineral R. & Mining Co. and Susquehanna Coal Co., appearing specially.

CHATFIELD, District Judge. The plaintiff, an alien, brought this action against all four of these defendants, upon allegations charging that the defendants generally were responsible for the injuries to the plaintiff, and that they were conducting the business in which that injury was sustained, either directly or as agents for each other.

It is unnecessary to consider the various allegations as to the transfer of property by reason of which the plaintiff seeks to show that all of the companies were responsible for the acts complained of. Many of the questions presented here have been discussed in the case of Vitkus v. Clyde Steamship Co., 232 Fed. 288, and other similar cases decided this day, and need not be repeated here.

[1] The Pennsylvania Railroad Company and the Northern Central Railway Company have appeared generally and answered. The Mineral Railroad & Mining Company and the Susquehanna Coal Company have appeared specially to seek to set aside the service of the summons and complaint, upon the ground that they do no business and have no office for the transaction of business within this district. They show that the papers were served upon a sales agent for these companies, who resides in Brooklyn, in this district, but who has his office in the Southern district of New York.

It appears that sales of coal in behalf of the various defendants are made to parties in the Eastern district, and that deliveries in this district follow such sales. There is no evidence that a regular place of business, or any representative of these defendants, is located within this district, and the service would be insufficient, even if this case had been removed from the state court, unless some general agent or officer were in the district as a representative of the defendant.

[2] Section 50 of the Judicial Code (formerly section 737, Revised Statutes) used the words "found in the district"; but this is a quotation of the provision formerly contained in chapter 137 of the Act of March 3, 1875 (18 Stat. 470), which was repealed by chapter 866 of the Act of August 13, 1888 (25 Stat. 433), correcting chapter 373 of the Act of March 3, 1887 (24 Stat. 552). These words in section 50 do not confer jurisdiction, unless in a patent case (section 48, Judicial Code), or some special case provided by other statutes. Macon Grocery Co. v. Atlantic Coast Line, 215 U. S. 505, 30 Sup. Ct. 184, 54 L. Ed. 300.

[3] Whether, under section 52, service will be sufficient if made in the Southern district, whether the provisions of that section will bring in a corporation of another state, and whether the defendants have

waived that objection, are not before the court. These defendants have made this application to set aside the service upon a special appearance, and have asked that the plaintiff be stayed from further proceedings on the alleged service until determination of the motion. This does not constitute a waiver of a defect in the service of process.

The present service upon the defendant Mineral Railroad & Mining Company and defendant Susquehanna Coal Company must therefore be set aside.