BUDRIS v. CONSOLIDATION COAL CO. (four cases).

BUDRIS et al. v. SAME.

(District Court, E. D. New York. May 7, 1918.)

1. COURTS ⬯276—FEDERAL COURT—DISTRICT OF SUIT—SPECIAL APPEARANCE—EFFECT.

A defendant does not consent to jurisdiction of federal court of particular district by special appearance, even when coupled with an application for extension of time to answer, if the plea be overruled.

2. COURTS ⬯276—FEDERAL COURTS—JURISDICTION.

A waiver by any act equivalent to a general appearance will confer jurisdiction upon a federal District Court to hear an action brought by an alien against a domestic corporation in a district other than that in which the corporation was organized and of which it was a citizen.

3. COURTS ⬯276—FEDERAL COURT—SPECIAL APPEARANCE—EFFECT.

The interposition in a federal District Court of a special appearance to question jurisdiction over the cause of action or of the person of the defendant waives any defect because of the serving a summons of the court in an adjacent district.

4. COURTS ⬯276—FEDERAL COURTS—SPECIAL APPEARANCE—WAIVER.

A special appearance in federal court for the purpose of securing dismissal of a particular action, because of lack of jurisdiction over defendant, will not be waived by the mere exercise of the jurisdiction with defendant's consent, necessary to hear the motion.

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. COURTS ⬦➡276—FEDERAL COURT—SPECIAL APPEARANCE—ATTACK ON JURIS-
DICTION.
Where defendant appeared specially in federal court, attacking the ju-
risdiction, a plea in bar on the ground of prior adjudication may also be
interposed, as it is not a consent for the exercise of jurisdiction in the
particular case, unless interposed before the making of the special plea,
or as a waiver thereof, if subsequently made.

6. COSTS ⬦➡8—ALLOWANCE—JURISDICTION.
Where an action was dismissed on the defendant's special plea to the
jurisdiction, the court is without authority to award costs.

7. COURTS ⬦➡276—FEDERAL COURT—OBJECTION TO JURISDICTION—WAIVER.
That defendant, who appeared specially, objecting to the jurisdiction of
the federal court, prayed costs, which the court could not grant, if
without jurisdiction, is not a waiver of objections to the jurisdiction.

8. COURTS ⬦➡274—FEDERAL COURTS—JURISDICTION.
The federal District Court for New York is without jurisdiction over a
suit brought by nonresident aliens on a cause of action arising in Kentucky
against a Maryland corporation, which maintained an agent in New York,
on whom process was served.

At Law. Three actions by Alexander Budris against the Consoli-
dation Coal Company, together with an action by Saloma Budris against
the same defendant, and one by both Alexander and Saloma Budris
against such defendant. Hearing on motions by plaintiffs for judg-
ment, as well as on defendant's special pleas to the jurisdiction and
motions to dismiss. Actions dismissed.

Baltrus S. Yankaus, of New York City, for plaintiffs.

Davies, Auerbach & Cornell, of New York City (Julien T. Davies
and Martin A. Schenck, both of New York City, of counsel), for de-
fendant.

CHATFIELD, District Judge. Motions have been made in the five
above-named actions for judgment on behalf of the plaintiff, with
costs, and for the impaneling of a jury to assess damages, upon the
following grounds:

It is alleged that the defendant served·a plea to the jurisdiction of
the court, alleging that the suit was improperly brought in this the
Eastern district of New York; that such plea was signed by the de-
fendant's attorneys, without specifying a special appearance; that the
defendant failed to deny the allegations of the complaint, outside of
the paragraphs relating to the residence of the parties, and that the
defendant has its main and general office in the state of New York, at
14 Wall street, New York City, while its coal mines are located in
Kentucky, Pennsylvania, and West Virginia; that the cause of action
arose in Kentucky; that the statute of limitations has run against the
bringing of this action in the state of Kentucky; and that the defend-
ant has a person designated upon whom service can be made in the state
of New York, and has therefore filed its certificate and obtained au-
thority to do business in this state. It also appears from the record
that the defendant was· organized under the ·Laws of the State of
Maryland.

The defendant has made a motion in each case, asking that the
action be dismissed upon a special appearance, in which the defendant

⬦➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

denies that the plaintiff was or is a resident of the state of New York and the Eastern district; alleges that the defendant is not and was not a domestic corporation of the state of New York, but is a resident of the state of Maryland; denies that the defendant owns or owned property within the Eastern district of New York, and that it has any office for the transaction of business within the Eastern district; and demands judgment dismissing the complaint, with costs, for the reason that the court has no jurisdiction, and for the reason that suit has been improperly brought in the Eastern district of New York.

The five actions are as follows: Action No. 1, by Alexander Budris, for assault by the defendant's servants, resulting in the physical injury of the plaintiff, at Van Lear, Ky., on the 19th of July, 1916. Action No. 2, by Alexander Budris, for wrongful entry and ejection of plaintiff, accompanied by assault and unlawful imprisonment, in breach of covenant of lease; the entry and assault being alleged to have occurred on September 9, 1914, at Van Lear, Ky. Action No. 3, by Alexander Budris, who alleges that on the 4th of August, 1914, he was ejected from a train and beaten by the servants of the defendant, contrary to the contract of carriage entered into by the plaintiff as a passenger upon a train of the Miller's Creek Railroad Company, near Van Lear, Ky., which railroad train was operated by the defendant. Action No. 4, by Saloma Budris, wife of Alexander Budris, for unlawful entry and ejectment by force, by the defendant's servants, on the 9th day of September, 1914, from the premises at Van Lear, Ky., which had been leased to the said Saloma Budris and her husband. Action No. 5, by Alexander Budris and Saloma Budris, for breach of contract through failure to carry out the terms of the lease of premises at Van Lear, Ky., of which the plaintiff took possession on the 31st day of May, 1914, and from which, after the various alleged breaches of lease, the plaintiffs allege they were unlawfully ejected on the 14th of September, 1914.

The defendant has in each case pleaded in bar, alleging lack of jurisdiction, while stating that it does not appear generally and appears specially for that purpose. These pleas were filed upon the 16th of September, 1916, and on the 7th of February, 1918, notice was served that the special plea would be brought on for hearing, and that a motion would be made to dismiss the complaint for lack of jurisdiction, on the 13th of February, 1918. This notice was signed, as was the plea, by Davies, Auerbach & Cornell, as attorneys for the defendant, without any further statement that they appeared specially.

The plaintiffs' motions for judgment were noticed for the same date, viz., the 13th of February, 1918, and the matter came on for hearing, by adjournment, on February 27, 1918, when the defendant interposed two affidavits, in one of which the New York manager of the defendant alleges that the defendant is not a domestic corporation, is not a citizen or resident of the state of New York, was at all times a foreign corporation duly organized and existing under the laws of the state of Maryland, and that it does not own any property and has no office in the Eastern district of New York; also the affidavit of an attorney at law, associated with the attorneys for the defendant, setting forth that

the plea is interposed in order to follow the practice in Lehigh Valley Coal Co. v. Yensavage, 218 Fed. 547, 134 C. C. A. 275, and also calling attention to the fact that, prior to the commencement of this action, the plaintiff began five actions in the Supreme Court of New York County, based upon the same facts and alleged causes of action as that in the present suits, that an answer was interposed setting up certain judgments of the state courts of Kentucky in bar, and on the 15th of January, 1918, a judgment was entered dismissing the complaints on the merits.

[1] It has now been settled, by the case of Meisukas v. Greenough Coal Co., 244 U. S. 54, 37 Sup. Ct. 593, 61 L. Ed. 987, that a defendant does not consent to jurisdiction by a special appearance, even when coupled with an application for extension of time to answer, if the plea be overruled.

[2] It has been settled by the same case, and by the case of Toledo Railways & Light Co. v. Hill, 244 U. S. 49, 37 Sup. Ct. 591, 61 L. Ed. 982, that a waiver by any act equivalent to a general appearance will confer jurisdiction upon a District Court of the United States to hear an action brought by an alien against a domestic corporation, in a district other than that in which the corporation was organized and of which it is a citizen.

[3] It is apparent that the interposition of a special appearance to question jurisdiction over the cause of action or the person of the defendant in this district waives any defect by serving a summons of this court in the Southern district of New York. The defendant did not specify whether the objection to jurisdiction was directed to jurisdiction over the person of the defendant, or jurisdiction over the particular cause of action. An objection to the exercise of jurisdiction over the defendant in this district is equivalent to an objection by the defendant against the trial of the case in this district. This is an objection against the exercise of jurisdiction over the person of the defendant, rather than over the cause of action; there being no question that this court has jurisdiction over such a cause of action, and over this particular cause of action, if the defendant be properly in court. The defendant claims that the court has no jurisdiction to hear this particular case, unless the defendant is properly in court, and admits thereby that the court has general jurisdiction over a cause of action of this sort.

It is evident, therefore, that the defendant is really asking, not for a dismissal of the cause of action, but for a dismissal of this particular suit. Such a dismissal preserves the right to renew the action, if proper service can be made. If the service alone is set aside, the court may leave the plaintiff's pleadings on file, and may set aside or hold as void merely the attempted use of process. Hence it is important to see if the defendant has come into court voluntarily, making the service of process unnecessary, and given the court the right to consider an issue of a sort over which it undoubtedly has jurisdiction, if the parties are properly before it. The motion to dismiss the action waives the defect in service of the summons out of the district, but does not thereby accept jurisdiction over the defendant for the purpose of the suit.

[4] As was held in the case of Yanuszauckas v. Mallory Steamship Co., 232 Fed. 132, 146 C. C. A. 324, and in the case of Vitkus v. Clyde Steamship Co. (D. C.) 232 Fed. 288, a special appearance for the purpose of dismissing the particular action for lack of jurisdiction over the defendant, and not on the merits, would not be waived by the mere exercise of the jurisdiction, with the consent of the defendant, necessary to hear the motion.

[5] It was also held in the Vitkus Case that an incidental suggestion to the court that a plea in bar, on the ground of prior adjudication, could also be interposed, added nothing, and was not a consent for the exercise of jurisdiction in the particular case, unless interposed before the making of the special plea, or as a waiver thereof, if made subsequently.

[6-8] It should be held, therefore, that the court has not jurisdiction in this case over the person of the defendant, and this action, based on the attempted service, should be dismissed, but not on the merits, and the motions for judgment on the part of the plaintiff denied.

The prayer for costs cannot be granted, as the court has no jurisdiction over the case; but the inadvertent request for such customary relief is not a waiver of the right to object to the maintenance of the action itself. These actions apparently could have been maintained in Kentucky, in some court in that state, or they could have been brought in Maryland, if resort was desired to the United States court, or they could be brought in the Supreme Court of New York, and by removal transferred to the United States court in this district. In each of those cases a different situation would arise than when the action has primarily been begun in the United States court for this district, where apparently the defendant does not reside, and where it has not by consent given the right to this court to exercise its general jurisdiction over such causes of action.