### PINE HILL COAL CO. v. GUSICKI.

(Circuit Court of Appeals, Second Circuit. November 12, 1919.)

#### No. 9.

1. COURTS ⊚⇒344—SERVICE OF PROCESS IN OTHER DISTRICT CONFERS NO JURISDICTION.

   A federal court does not acquire jurisdiction of the defendant in a personal action by service of summons in another district.

2. CORPORATIONS ⊚⇒668(1)—SERVICE OF PROCESS ON FOREIGN CORPORATION INEFFECTIVE.

   Service of summons on a foreign corporation in a state where it is not shown to be doing business or to have property, and in which it has not appointed an agent under the state law on whom service may be made, is ineffective.

3. APPEARANCE ⊚⇒9(1)—SPECIAL APPEARANCE NOT WAIVER OF OBJECTION TO JURISDICTION OF PERSON.

   A special appearance, for the purpose of moving to quash the service and to dismiss for want of jurisdiction over defendant, although there was a provision in the order to show cause for an extension of time to appear, demur, or answer, held not a general appearance, which waived objection to the jurisdiction.

In Error to the District Court of the United States for the Eastern District of New York.

Action by Mary Gusicki against the Pine Hill Coal Company. Judgment for plaintiff, and defendant brings error. Reversed.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Cravath & Henderson, of New York City (Howard Carter Dickinson and William L. Bowman, both of New York City, of counsel), for plaintiff in error.

Albert Massey, of New York City, for defendant in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

MANTON, Circuit Judge. Julian Gusicki, on the 22d of April, 1914, while in the employ of the plaintiff in error at its mines at Minersville, Pa., met an accidental death, leaving a widow and six minor children. In this action the widow sought to recover damages caused by reason of his death. The laws of Pennsylvania provide a right of action to the widow, and this action was brought in conformity therewith.

The deceased, with other miners, had finished his day's work and was leaving the mine, using a steel cage as a way therefrom, ascending in a perpendicular shaft. The floor of this cage was about 11 feet long by 6 or 8 feet wide, with metal supports running from each corner to an axle above. It was operated upon wooden guide rails, and while it was in the course of ascending the deceased and other miners fell therefrom and lost their lives. It will be unnecessary to discuss or pass upon the cause of their falling, since we are obliged to rule that the court originally was without jurisdiction and that such defect in jurisdiction has not been waived.

The complaint, as served, alleged that the plaintiff in error (defendant below) was a New York corporation and a resident of the Eastern district of New York and that the defendant in error (plaintiff below) was an alien and a subject of the czar of Russia. The answer put in issue the allegation that the plaintiff in error was a New York corporation, and asserted that it was a foreign corporation organized under the laws of the state of Pennsylvania. It further interposed the defense that the court had no jurisdiction of the cause of action or of the plaintiff in error. Process was served on April 21, 1915, upon a vice president of the plaintiff in error, at No. 17 Battery Place, New York City. A motion was made to set aside the service of the summons and complaint and dismiss the action for want of jurisdiction. The attorneys for the plaintiff in error appeared specially for the sole purpose of such proceeding. There was a provision, contained in the order to show cause, wherein the motion was made, for an extension of 20 days in which to "appear, demur, answer, or otherwise act" upon the summons and complaint. On May 27, 1915, this motion was denied, and the ground therefor was stated to be that the plaintiff in error had filed "what was equivalent to a general appearance, and it obtained an extension while making a motion to set aside the service on grounds which can be waived by appearance in the case." A motion for reargument was denied. Then the plaintiff in error filed its formal plea of a demurrer to the complaint. In the demurrer it was asserted that the plaintiff in error did not waive its claim that the court was without jurisdiction. It was overruled.

Thereafter, and as late as December 21, 1917, the plaintiff in error, appearing through its counsel specially, made a motion for reargument

of its first motion to set aside the summons for lack of jurisdiction, asserting that the authorities rendered since the first motion was decided sustained its contention. This application was denied. The case proceeded to trial on February 5, 1918, and the verdict upon which the judgment has been entered resulted. Throughout the trial the plaintiff in error made motions and objections in respect to the jurisdiction of the court. The defendant in error moved to amend her complaint, alleging that the plaintiff in error is a foreign corporation organized under the laws of the state of Pennsylvania, which motion was granted. Thereupon plaintiff in error moved to withdraw its appearance, and asked to set aside the service of the summons and complaint, "as the pleadings disclosed that the court had no jurisdiction." This application was denied, as was a further application to dismiss the complaint upon the ground that the court had no jurisdiction. During the course of the trial, a motion was made to dismiss the complaint for want of proof that the plaintiff in error was doing business in New York City, or was registered in the state of New York, and especially for want of proof that the plaintiff in error was doing business in the Eastern district of New York. It was denied. The answer was then reinstated, and thereafter motions made, renewing the applications to dismiss for want of jurisdiction, were denied.

It will thus be observed that the plaintiff in error, in numerous ways, attacked the jurisdiction of the court throughout the entire court proceedings. The record discloses that the plaintiff in error had an office address at No. 17 Battery Place, in the borough of Manhattan, New York City, within the Southern district. No proof was offered to show that it in fact transacted business in this state, nor that it filed the customary certificate with the secretary of state entitling it to do business here. Evidence was offered to show that the plaintiff in error had no agent appointed upon whom service of process might be made in this state; also it was offered to establish that the company never had any officer or agent who did any business in the Eastern district of New York. This evidence was erroneously excluded. Plaintiff in error further attempted to show that Mr. Sturgess, upon whom the summons and complaint was served, paid the rent of the office at No. 17 Battery Place, and this likewise was erroneously excluded.

[1] The service of the summons and complaint upon Mr. Sturgess at No. 17 Battery Place, in the Southern district of New York, was not a valid service of process, and failed to give the District Court, out of which the summons was issued, jurisdiction. As was said in Harkness v. Hyde, 98 U. S. 476, 478 (25 L. Ed. 237):

"There can be no jurisdiction in a court of a territory to render a personal judgment against any one upon service made outside its limits. Personal service within its limits, or the voluntary appearance of the defendant, is essential in such cases. It is only where property of a nonresident or of an absent defendant is brought under its control, or where his assent to a different mode of service is given in advance, that it has jurisdiction to inquire into his personal liabilities or obligations without personal service of process upon him, or his voluntary appearance to the action."

To like effect is In re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402, and, in more recent holdings of this court,

Sewchulis v. Lehigh Valley Coal Co., 233 Fed. 422, 147 C. C. A. 358, and Rakaukas v. Erie R. Co. (D. C.) 237 Fed. 495.

[2] There was no proof that the plaintiff in error had property in this state, nor that it was doing business in this state, or that it had come into the state of New York for the purpose of doing business Nor did it have an agent in this state upon whom process might be served. Under such facts, service of process would not be effective. Internat. Harvester Co. of America v. Kentucky, 234 U. S. 579, 34 Sup. Ct. 944, 58 L. Ed. 1479; St. Louis, etc., R. Co. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77; Phila. & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 37 Sup. Ct. 280, 61 L. Ed. 710.

The defendant in error offered in evidence a letter head of the plaintiff in error upon which it appears that under the words "Pine Hill Coal Company, Inc.," was found "17 Battery Place, New York City," and "304 People's Bank Building, Scranton, Pa." But this is the only alleged evidence of the plaintiff in error doing business in New York. There is no proof of its having sold coal, or received money for the sale of coal, in New York. This is not sufficient to constitute doing business within the state. Unless a foreign corporation is engaged in business within the district, it is not brought within the district by its agents. It must be said that the corporation is here, and, once it is established to be here, it may be served. Tauza v. Susquehanna Coal Co., 220 N. Y. 259, 115 N. E. 915. Therefore, upon the authoritative decisions which control us, we must conclude that it was not proven that this corporation was doing business within the district, in such a sense as to subject it to suit therein. The corporation did not subject itself to the jurisdiction and laws of the district in which the process issued, and in which it is bound to appear, unless a proper agent has been served with process. Unless it can be said that this evidence discloses a waiver of the right to object to the jurisdiction of the court, the judgment below must be reversed.

[3] It is argued by learned counsel for the defendant in error, that by securing the extension of time to "demur, answer, or otherwise act upon the summons and complaint," there was a general appearance, and that the plaintiff in error could not therefore, object to the jurisdiction of its person, and providing the court had jurisdiction of the subject-matter of the action, defendant in error is entitled to succeed. From the outset of the litigation, the plaintiff in error made plain its objection to the jurisdiction of the court, and it did not convert its special appearance into a general one. It did not appear and plead to the merits by obtaining the extension of time. It appeared specially, and was entitled to at any time challenge the jurisdiction of the court on the ground that the suit had been brought in the wrong district, as well as the jurisdiction of the court to the person of the plaintiff in error or to the subject-matter.

The use of the phrase that it appeared specially for the purpose of setting aside the service of the summons, and at the same time, in the order to show cause extending its time to "appear, demur, or answer, or otherwise act upon the summons and complaint," prevents it from being considered a general appearance. It is only where the plaintiff

in error pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived. Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237; Yanuszauckas v. Mallory S. S. Co., 232 Fed. 132, 146 C. C. A. 324.

Having been refused in its application to set aside the service of the summons, the subsequent move of the plaintiff in error to dismiss on the ground that it was a corporation of the state of Pennsylvania did not waive the first objection, nor was there a waiver when the plaintiff in error demurred, and likewise there was no waiver of jurisdiction in filing an answer. Plaintiff in error relied upon the lack of jurisdiction over the person of the action, and therefore withdrew its general appearance, and pleaded specially to the complaint. The exception to the refusal to dismiss the complaint at this stage was well taken. Lehigh v. Washko, 231 Fed. 43, 145 C. C. A. 230.

In Budris v. Consolidated Coal Co. (D. C.) 251 Fed. 673, the court held (Chatfield, J.):

"A special appearance for the purpose of dismissing the particular action for lack of jurisdiction over the defendant, and not on the merits, would not be waived by the mere exercise of the jurisdiction, with the consent of the defendant, necessary to hear the motion," and "it has now been settled, by the case of Meisukas v. Greenough Coal Co., 244 U. S. 54, 37 Sup. Ct. 593, 61 L. Ed. 987, that a defendant does not consent to jurisdiction by a special appearance, even when coupled with an application for extension of time to answer, if the plea be overruled."

We conclude there was no waiver of the jurisdiction of the person of the plaintiff in error or the subject-matter of the action by the language employed in the appearance of counsel, and his objection, being valid, should have been sustained. Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942.

Judgment reversed.