**COLONIAL SAND & STONE CO., Inc.,**
Libelant,

v.

**TELESCO FUEL & MASON MATERIAL COMPANY, Respondent.**

United States District Court
S. D. New York.
Jan. 13, 1962.

Krisel, Beck & Taylor, New York City (Maurice A. Krisel, Patrick J. Haughey, Jr., New York City, of counsel), for libelant.

Bigham, Englar, Jones & Houston, New York City (Daniel A. Sullivan, New York City, of counsel), for respondent.

THOMAS F. MURPHY, District Judge.

Respondent's motion to quash the service of a citation on it at Stamford, Connecticut, is granted.

Libelant filed in this court an *in personam* libel against respondent. Although the libel contained a request for a clause for foreign attachment it is conceded that process was never served within this district either on the respondent or on any property belonging to it. Parenthetically, the libel artfully does not

comply with Fed.Rules Civ.Proc. Rule 42, 28 U.S.C.A., in that it does not give the name and place of residence of the respondent so far as known. It alleges that the respondent is a corporation organized and existing under and by virtue of the laws of *one* of the states of the United States.

Unable to obtain service within this district the proctors for libelant requested the clerk to issue a citation to the United States Marshal in this district commanding him to serve the citation in any district of the United States. Upon the clerk's refusal libelant obtained an *ex parte* order for such citation, which order contained the following provision: "The foregoing is without prejudice to a motion by respondent to quash any service made." On November 22, 1961, a deputy marshal from this district made a return stating that he had served the citation on respondent at Stamford, Connecticut.

■ Respondent seeks to avoid the general provisions of law that United States District Courts cannot issue process beyond the limits of the district (Harkness v. Hyde, 98 U.S. 476, 25 L.Ed. 237) by relying on the 1935 amendment of § 503, now § 547, of 28 U.S.C. In that year the duties of marshals were not circumscribed by any territorial limitations but were defined as:

"He shall execute all lawful writs, process and orders issued under authority of the United States, and command all necessary assistance to execute his duties."

It argues that since the marshal now has the power to execute all lawful precepts issued under the authority of the United States without any territorial limitation that his service of the citation in the District of Connecticut was lawful and that this court has jurisdiction in the admiralty of a libel *in personam.*

The trouble with this argument, as we see it, is that we are not concerned with the powers and duties of a marshal but rather with the powers of the district court in admiralty to issue process outside of its territorial limitations.

Ever since 1789 the district courts have, with such exceptions as Congress has ordained, been limited to its territory as defined by Congress. In no case has process in admiralty been authorized outside that territorial limitation. See Connecticut Fire Insurance Co. v. Lake Transfer, 74 F.2d 258, 259 (2d Cir., 1934). Cf. Georgia v. Pennsylvania R. Co., 324 U.S. 439, 467, 65 S.Ct. 716, 89 L.Ed. 1051. This too is implied in Rule 2 of the Supreme Court Admiralty Rules, 28 U.S.C.A., which provides:

"In suits in personam the mesne process shall be by a simple monition in the nature of a summons to appear and answer to the suit, or by a simple warrant of arrest of the person of the respondent in the nature of a capias, as the libellant may, in his libel or information pray for or elect; in either case with a clause therein to attach his goods and chattels, or credits and effects in the hands of the garnishees named in the libel to the amount sued for, *if said respondent shall not be found within the district.*" [Emphasis added.]

■ The motion is accordingly granted and the service of the citation quashed.

Although not relevant on the issue presented we think we should add a few facts so as to furnish an insight for this unusual activity on the part of libelant. It appears from the libel that the tort complained of took place on November 24, 1958, at Stamford, Connecticut. The Connecticut statute of limitations in one year (Conn.Gen. Statutes, § 52–555). This libel was filed in this court on November 17, 1961. A paragraph or two in Oroz v. American President Lines, Ltd., 259 F.2d 636, 639 (2d Cir., 1958) will supply the answer.

This is an order. No settlement is necessary.