APPLEBY et al. v. CLUSS.

(Circuit Court, D. New Jersey. April 10, 1908.)

POST OFFICE—FRAUD ORDERS—SUIT TO ENJOIN ENFORCEMENT—SUFFICIENCY OF BILL.

A bill in equity cannot be maintained in a federal court to enjoin the enforcement of a fraud order made by the Postmaster General unless it makes a clear prima facie case that the facts adduced before him could not possibly support such order, or that complainant's legal or constitutional rights have been violated, and such a bill is insufficient where it shows a hearing upon due notice on charges of fraud clearly within the statute, but does not show what proofs were adduced.

[Ed. Note.—Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 86.]

In Equity. On demurrer to bill.

Peter and John Bentley, for complainants.
John B. Vreeland and H. P. Lindabury, for defendant.

LANNING, District Judge. By their bill the complainants pray for an injunction to restrain the defendant, who is the postmaster at Leonia, N. J., from obeying a fraud order, issued on December 5, 1906, by the Postmaster General. The order declares that it has "been made to appear to the Postmaster General upon evidence satisfactory to him" that J. Randolph Appleby, the Appleby & Wood Company, and the Asbury Company, "are engaged in conducting a scheme or device for obtaining money through the mails by means of false and fraudulent pretenses, representations, and promises." The bill shows that on October 20, 1906, the complainant Appleby was charged with having engaged, under his own name and the names of the companies above mentioned, in conducting a scheme to obtain money through the mails

fraudulently, by buying worthless land in New Jersey, dividing it into small tracts, advertising the tracts in newspapers, and inducing persons to buy the land and pay him money therefor by false and fraudulent representations regarding the character of the land. The bill also shows that Appleby and his companies were thereupon duly notified of the charge, and that they were cited to appear and answer the charge on November 1, 1906, and that appearance was made and an affidavit filed by Appleby. The objections to the Postmaster General's order are two: First, that the sections of the law under which the proceedings were had are unconstitutional; and, second, that the order was not supported by the law or the proofs adduced before the Postmaster General. The first ground of objection was abandoned, on the argument, in view of the opinion of the Supreme Court in Public Clearing House v. Coyne, 194 U. S. 497, 24 Sup. Ct. 789, 48 L. Ed. 1092. The second ground of objection is equally untenable. It is true that all facts well averred in the bill must, inasmuch as the present hearing is on a demurrer to the bill, be deemed true. But a federal court will not weigh the facts adduced before the Postmaster General in order to determine whether the court's judgment on the facts will accord with his. It will only look into those facts for the purpose of determining whether, in any aspect of the case, they are covered by any act of Congress or support a conclusion of fraud. The Postmaster General is the head of one of the executive departments of the government, and his acts will not be interfered with by the judicial department except upon proof of some legal error on his part.

In the present case, the bill of complaint fails utterly to show what facts were before the Postmaster General. There is an averment that the complainant Appleby submitted an affidavit, a copy of which is annexed to the bill, but there is no averment that other proofs were not before the Postmaster General, or that the complainants have no knowledge of the production of other proofs before him, or that, having no knowledge of what proofs were before him, they applied to him for a copy of or a statement concerning the nature of the proofs. The only averment in the bill bearing on any of these points is the following:

"And your orators further show that they were not acquainted with any facts concerning which complaint was made about them, but assumed that the complaint before the post office authorities was the same as that for which your orator J. Randolph Appleby was indicted by the September federal grand jury of the district of New Jersey concerning the transactions of the said Appleby at Beemerville, in the county of Sussex, and assuming that to be the complaint answered the same as fully as was within their power."

There are other averments as to what the complainants understand the complaint against them was, and concerning the nature of their business, and as to their conclusions or opinions concerning the legality of that business, but, as above stated, the bill fails to disclose the case on which the Postmaster General acted. A due regard for an order of an executive department of the government demands that the judicial department shall not require the head of that executive department, or any of his subordinate officials, to answer a bill in equity,

the purpose of which is to secure a decree which in effect annuls the order, unless the bill makes a clear prima facie case that the facts adduced before the executive department could not possibly support the order, or that the complainant's legal or constitutional rights have been violated. The present bill makes no such case. It was very different in the case of School of Magnetic Healing v. McAnnulty, 187 U. S. 94, 23 Sup. Ct. 33, 47 L. Ed. 90. There, the demurrer to the bill admitted the truth of the allegations that the business of the complainants was founded "almost exclusively on the physical and practical proposition that the mind of the human race is largely responsible for its ills, and is a perceptible factor in the treating, curing, benefiting, and remedying thereof, and that the human race does possess the innate power, through proper exercise of the faculty of the brain and mind, to largely control and remedy the ills that humanity is heir to, and complainants discard and eliminate from their treatment what is commonly known as divine healing and Christian science, and they are confined to practical scientific treatment emanating from the source aforesaid." These allegations, the court said, were not conclusions of law, but statements of fact upon which, as averred, the business of the complainants was based; and it was held that the statutes do not, as a matter of law, cover such facts, and that the Postmaster General's decision that the case stated in the bill was within the statute was a legal error not binding on the courts.

Here, the allegations of the bill show that the complainant was charged with obtaining money through the mails by fraudulently inducing persons to buy worthless lands. The bill itself shows that the nature of the business which it was charged the complainant was carrying on was clearly within sections 3929 and 4041 of the Revised Statutes (U. S. Comp. St. 1901, pp. 2686, 2749), as amended. It was incumbent upon the complainant, therefore, to set forth in his bill the case as it existed before the Postmaster General, or, if he could not do that, to show why he could not, and to aver, in addition, all the material facts concerning the nature of his business and his method of carrying it on. Failing to do this, the bill is demurrable for want of equity.