## PINKUS v. WALKER et al.

### No. 5616.

District Court, D. New Jersey.

July 18, 1945.

Fast & Fast and Louis Fast, all of Newark, N. J., for plaintiff.

Thorn Lord, U. S. Atty., and Roger M. Yancey, Asst. U. S. Atty., both of Newark, N. J., for defendants.

MEANEY, District Judge.

This action is brought by the plaintiff against Frank C. Walker, as Postmaster General, and Louis A. Reilly, as Postmaster of the City of Newark, to enjoin them from carrying into effect a fraud order made by the Postmaster General, excluding from the mails matter addressed to plaintiff, trading as American Health Aids Company.

The Postmaster General charged the plaintiff with conducting a scheme for obtaining money through the mails by means of false and fraudulent pretenses, representations and promises, in violation of sections 259 and 732 of title 39, U.S.C.A. and subsequently, after a hearing, issued an order to the Postmaster at Newark, New Jersey, where plaintiff carried on its business, instructing the Postmaster at Newark to return to the senders any mail directed to the plaintiff, with the words, "Fraudulent: Mail to this address returned by order of Postmaster General", stamped thereon, and further forbidding him to pay any money orders drawn to the plaintiff's order.

A special appearance was made through the United States Attorney to dismiss the suit as to Frank C. Walker, as Postmaster General, for want of jurisdiction, on the ground that valid service of process upon the said defendant could not be made outside the territorial limits of this court; and for the reason that the court is without jurisdiction on the grounds that the Postmaster General is a necessary and indispensable party. Defendants move to dismiss as well against Louis A. Reilly, as Postmaster of the City of Newark, for the reason that the court is without jurisdiction over Frank C. Walker, a necessary and indispensable party defendant.

Plaintiff, alleging that the order is arbitrary, capricious and unwarranted, filed his complaint in this court against Frank C.

612

Walker, as Postmaster General, and Louis A. Reilly, as Postmaster of the City of Newark, praying that defendants and their agents be permanently enjoined from obeying the order.

Prior to any determination as to the propriety of the fraud order, it is necessary that the court determine first whether there was a valid service of process upon the defendant, Frank C. Walker, as Postmaster General, bringing him within the jurisdiction of this court; and, secondly, whether the Postmaster General is an indispensable party to this action.

It is an established principle under the general rules of jurisdiction that the jurisdiction of a district court in an in personam action is limited to the district of which the defendant is an inhabitant or in which he can be found and, further, in a civil suit in personam, jurisdiction over the defendant, as distinguished from venue, implies, among other things, either voluntary appearance by him or service of process upon him at a place where the officer serving it has authority to execute a writ of summons. Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119; Pine Hill Coal Co. v. Gusicki, 2 Cir., 261 F. 974.

In the instant case, it nowhere appears that a valid service of summons was made on the Postmaster General within the jurisdiction of this Court and hence no jurisdiction has been obtained. The consensus of cases holds that unless there are special statutory provisions authorizing service on an officer of the government outside the district where the suit is brought, such service may not effectively be made and no jurisdiction over the officer may be obtained. This is true unless the officer voluntarily appears and consents that the court take jurisdiction over him. In Transcontinental & Western Air v. Farley, 2 Cir., 71 F.2d 288 it was held that service of process on the Postmaster General in the District of Columbia was not good service against him in a suit in the District Court of the Southern District of New York.

I am satisfied that the defendant, Frank C. Walker, as Postmaster General, was not brought into this Court by any service admitted to be regular and valid, and accordingly the motion for dismissal as to him is granted.

The second motion raises a point considerably more difficult to determine. Is the Postmaster General an indispensable party to this action?

The law on this point is not settled and there is much diversity of judicial opinion. Jarvis v. Shackelton Inhaler Co., 6 Cir., 136 F.2d 116. There have been several recent cases on this subject, in several of which an extensive examination of authorities was undertaken. See Neher v. Harwood, 9 Cir., 128 F.2d 846. Jarvis v. Shackelton, 6 Cir., supra. Varney v. Warehime, 6 Cir., 147 F.2d 238; Peoples Loose Leaf Tobacco Warehouse Co., et al. v. Cline, D.C.E.D.Ky., 58 F.Supp. 612. Compare also National Conference on Legalizing Lotteries v. Goldman, 2 Cir., 85 F.2d 66; Wheeler v. Farley, D. C., 7 F.Supp. 433.

It will be of no particular moment for this court to undertake a further analysis of the decisions, for as stated in the Jarvis case, supra [136 F.2d 121]: "The task of harmonizing these decisions is almost, if not altogether, impossible, and * * * we are reluctant to undertake it."

Under such circumstances, I am compelled to follow the decisions that in my opinion embody the sounder reasoning and which will be most likely to best conform to the exigencies of the situation.

In Varney v. Warehime, supra, the court, in holding a superior official not to be a necessary and indispensable party, stated [147 F.2d 242]: "Matters of convenience and necessity are entitled to consideration. Citizens should not be compelled to seek a distant forum for litigation of their controversies with the Government, and likewise, public officials should not be compelled to neglect their duties to answer charges of usurpation of power in a distant forum."

The court in the Varney case further pointed out that the right of intervention is available to a superior official in any suit where the subordinate is made a party defendant. In that case the court declared itself as adhering to the rule that where the plaintiffs in an action are not seeking to prevent subordinates from executing a discretionary order of their superior, but are challenging the power of the superior to make the regulation, it is not necessary to have the superior officer before the court. State of Colorado v. Toll, 268 U.S. 228, 45 S.Ct. 505, 69 L.Ed. 927; Brooks

v. Dewar, 313 U.S. 354, 61 S.Ct. 979, 85 L.Ed. 1399; American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 23 S.Ct. 33, 47 L.Ed. 90; Jarvis v. Shackelton Inhaler Co., supra. Compare Appleby v. Cluss, C.C.N.J. 160 F. 984.

A similar decision is found in the Jarvis case, supra, where the court said: "The dismissal of the bill would have been disastrous to appellee and the expense incident to new litigation hundreds of miles from home would have been equally crushing. * * * It would have been unjust and inequitable to have dismissed the bill for no other or better reason than adherence to a formal, and what we regard as an inapplicable, rule of equity pleading."

■ It is my conclusion that the Postmaster General is not a necessary and indispensable party. In arriving at this determination, I have not been unmindful of the position in which the defendant may find himself. I do not conceive, however, that the fears expressed in National Conference on Legalizing Lotteries v. Goldman, supra, are of sufficient moment to compel a different result.

Accordingly, the motion as to Louis A. Reilly is denied.

■ The power of this court sitting in equity to review the order is limited to a determination of whether from the evidence adduced at the hearing there is substantial evidence of actual fraud in fact, and not the result of opinion, to support the fraud order.

■ If there is not such evidence, plaintiff has suffered irreparable injury by the mistaken act of the Postmaster General in issuing the order, and is entitled to the injunction he seeks. American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 23 S.Ct. 33, 47 L.Ed. 90. Jarvis v. Shackelton Inhaler, supra.

The plaintiff, trading as American Health Aids Company, is engaged in the business of distributing through the mails and in his store a formula known as Dr. Phillip's Kelpidine Reducing Plan, which has for its purpose reducing of excess fat. Plaintiff advertised in many periodicals to the effect that adherence to the reducing plan will reduce fat without discomfort, exercise or restriction to any special dietary regimen, except as set forth in the plan.

The Solicitor, in his "Memorandum for the Postmaster General embodying a finding of fact and recommending the issuance of a fraud order", has set forth in full, examples of plaintiff's advertising in various newspapers and magazines, as well as scripts taken from radio advertising.

The advertisements appearing in print contain a picture of a shapely young woman standing beside scales. Each advertisement contains a blank order form in which there is set forth an offer to refund any monies paid, to any dissatisfied user, under what is called a "Money Back Guarantee". The advertisements in substance suggest that a user of Kelpidine will lose from three to five pounds a week, without exercise, the use of drugs or adherence to a strict reducing diet. The suggestion is that if the user merely cuts down on fatty and starch foods, and takes a half teaspoon of Kelpidine with any meal, the desired results will be obtained. There are also excerpts from letters of satisfied users, describing the satisfactory results obtained. In essence, all of the advertising contains the same material.

Additional evidence was adduced from two medical witnesses for the government, as well as one for the defense. The testimony of these experts was to the effect that such reduction of weight as might be accomplished would result from the diet or plan which it was suggested be followed, rather than from the beneficial qualities of the kelp. The expert testimony on the value of kelp as a reducing agent was in some dispute. It was not disputed that a reduction in weight of obese persons might be accomplished under the plan prescribed, though the amount would vary and the possibility of ill effects upon certain persons was present.

Also offered in evidence were testimonials from persons who had used the Kelpidine diet, none of which were shown to be untrue, and all of which indicated satisfactory results by those users.

There was no indication that any of the advertisements held out the suggestion that the reducing plan would effect miraculous results for all corpulent persons, or that all would be similarly benefited. The advertisements in every case contained a money back guarantee which of itself indicated that this was not a universal remedy for all rotund figures. It is noted that the

plaintiff did not undertake the marketing of his product without prior consultation and approval of medical authorities of good repute.

A careful examination of the Solicitor's memorandum and of all the evidence adduced at the hearing leads me to the conclusion that there was insufficient evidence from which the Postmaster General could find actual fraud in fact on the part of the plaintiff. The evidence showed a divergence of opinion as to the effectiveness of the Kelpidine reducing plan and of the inherent values of kelp as employed therein. Such a showing is insufficient.

In American School of Magnetic Healing v. McAnnulty, supra, 187 U.S. 94, at page 105, 23 S.Ct. 33, at page 37, 47 L.Ed. 90, the Court stated: "As the effectiveness of almost any particular method of treatment of disease is, to a more or less extent, a fruitful source of difference of opinion, even though the great majority may be of one way of thinking, the efficacy of any special method is certainly not a matter for the decision of the Postmaster General within these statutes relative to fraud."

And further, 187 U.S. 94, at page 106, 23 S.Ct. 33, at page 38, 47 L.Ed. 90, that court said: "* * * these statutes were not intended to cover any case of what the Postmaster General might think to be false opinions, but only cases of actual fraud in fact, in regard to which opinion formed no basis."

If as a matter of fact, the course suggested by the complainant in his advertising is deleterious to health, it would appear that the remedy lies in other fields than those governed by postal regulations. Too frequently attempts are made to accomplish by indirection that which should be effected straightforwardly and directly. Surely the powers of government to protect the health and well being of its citizens can better be met by supervising agencies within the actual scope of medical control and by expert regulation, than by more or less arbitrary prohibition by the Post Office Department.

It is my conclusion that the fraud order was void. Accordingly, an order may be entered permanently enjoining the defendant, Louis A. Reilly, Postmaster of the City of Newark, from carrying into effect the fraud order heretofore issued by the Postmaster General.