**FLEMING, Administrator, Office of Temporary Controls, v. WEISBERG et al.**

Civil Action No. 6775.

District Court, E. D. New York.

April 18, 1947.

Harold N. Cohen, of New York City, Sidney S. Stark, of Trenton, N. J., William L. Messing, of New York City, and Jacob Feinstein, of Brooklyn, N. Y., for plaintiff.

Bergner & Bergner, of New York City (David Bergner and Samuel H. Friedman, both of New York City, of counsel), for Defendant Max Weisberg.

GALSTON, District Judge.

The questions presented arise out of two motions: one by the plaintiff to amend his complaint; the second by the defendant to amend his answer to dismiss the complaint.

Both these questions will be determined by this opinion.

On April 1, 1946, the complaint was filed in this court. It alleges violations of rent regulations. The defendant contends that because the summons and complaint were not served on the defendants until November 6, 1946, the cause of action has been outlawed by virtue of the provisions of Title 50, U.S.C.A.Appendix, § 925(e). That section provides that an action may be brought "within one year from the date of the occurrence of the violation".

Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following sections 723c, provides that a civil action is commenced by filing a complaint with the court. It is not the service of the summons and complaint which marks the commencement of the action. In consequence, all violations of the defendant which occurred within one year prior to April 1, 1946, are within the statute and are not outlawed. Hence defendants' motion to dismiss the complaint is denied as to all such violations.

As to plaintiff's motion to amend: he seeks to amend by alleging that from November, 1943, to the date of the filing of the complaint, defendants demanded and received rents in excess of the maximum rents

48

established by the rent regulation of the Office of Price Control, and that the defendants will not make refund of such overcharges. The prayer for relief requests an order directing the defendants to refund to the persons entitled thereto all moneys paid by the tenants of said premises to the defendants from November 1, 1943, to the date of the filing of the complaint.

■ The question of restitution under the Emergency Price Control Act, 50 U.S.C.A.Appendix., § 901 et seq., was considered in. Porter v. Warner Co., 328 U.S. 395, 66 S.Ct. 1086. Restitution was approved in addition to the granting of an injunction against the defendant restraining the defendant from further violations of the Act. It is therefore directly inferable from that decision that an order of restitution would lie here if the plaintiff succeeds in proving violations—but only as to such violations as occurred within one year prior to the institution of the action. To that extent the plaintiff's motion is granted.

Settle orders on notice.