JOSÉ E. FRANCO RAMOS, Petitioner, *v.* DISTRICT COURT OF PONCE, HON. RAMÓN A. GADEA PICÓ, JUDGE, Respondent.

No. 1815. Argued February 1, 1950.—Decided June 23, 1950.

---

*Raúl Matos* for ·petitioner. ·

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On August 17, 1949 José E. Franco Ramos filed a divorce suit against Sonia Irizarry Pérez on the ground of cruel treatment. Among other things, the first averment of the complaint alleged that the defendant had left for the United

States without the consent and against the will of the plaintiff, residing at that time in Miami, Florida. The clerk of the lower court did not issue the summons mentioned in Rule 4(a) of the Rules of Civil Procedure nor was the lower court requested to issue any order directing that service be made by publication.

On September 1, 1949, and through her attorney Francisco Parra Toro, the defendant appeared by a written statement entitled "Answer," which was notified to the attorney of the plaintiff on that same date, and stated the following: "That she has nothing to allege against the facts set forth in the divorce complaint filed against her by her husband José E. Franco Ramos." Next day the attorney for the plaintiff prayed that the case be set for hearing on its merits since the complaint had been answered. The lower court entered an order denying the request that the case be set for hearing, on the ground that it lacked jurisdiction over the person of the defendant "inasmuch as the clerk did not issue the summons prescribed by law," citing *Matos* v. *District Court*, 59 P.R.R. 290 and *Rivera* v. *District Court*, 68 P.R.R. 625, as well as subdivisions (a) and (d) of Rule 4 of the Rules of Civil Procedure. Reconsideration was sought and denied.

We issued the writ of certiorari to review the action of the lower court.

■ Lack of jurisdiction over the person of a defendant, in the proper cases, is a defense which said party may raise either in a motion to dismiss—Rule 12(b) of the Rules of Civil Procedure—or, in the absence of such a motion, in his answer or reply—Rule 12(h). Under the latter, if he does not raise it by motion and appears to answer without raising it then, he waives such defense. *Branic* v. *Wheeling Steel Corporation*, 152 F. 2d 887 (C. A. 3, 1945); *Orange Theatre Corp.* v. *Rayherstz Amusement Corp.*, 139 F. 2d 871 (C. A. 3, 1944), 7 Fed. Rules Serv. 131; *Blank* v. *Bitker*, 135 F. 2d 962 (C. A. 7, 1943); *Gin* v. *Biddle*, 60 Fed. Supp. 530

(E. D. Pa., 1945), 8 Fed. Rules Serv. 209; 2 Moore's Federal Practice (2d ed.) 2327, § 12.23.

■■ The filing of a complaint with the court marks the commencement of a civil action—Rule 3 of the Rules of Civil Procedure—and not the subsequent service of the summons and the complaint provided for in Rule 4(d) of said Rules. *Fleming* v. *Weisberg*, 7 F.R.D. 47 (E. D. N.Y., 1947); *O'Leary* v. *Loftin*, 3 F.R.D. 36 (E. D. N.Y., 1942). After the action has commenced, one of the purposes in issuing the summons and serving it together with the complaint, either personally or by publication, is to vest the court with jurisdiction over the person of the defendant, besides acquainting it with the nature of the claim and other required particulars.

■ The voluntary appearance of a defendant, once the action has commenced—such as defendant's appearance herein—takes the place of the summons, for he places himself within the jurisdiction of the court, enabling the latter to decide the action on its merits. *Pinkus* v. *Walker*, 61 F. Supp. 610 (D. C. N.J., 1945), modified as to other respects in *Reilly* v. *Pinkus*, 338 U. S. 269, 94 L. Ed. 79 (1949).

The issuance of a summons, and service thereof together with the complaint, as well as compliance with the prerequisites to an order for service by publication, are necessary steps in order to vest a court with jurisdiction over the person of a defendant when it is attempted *to bring him* within the jurisdiction of the court through the channels established by law therefor. But it is another thing when he makes a voluntary appearance, with full legal capacity.

Section 98 of the Code of Civil Procedure provides, among other things, that "The voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him." [1] Even though the

---

[1] Section 88 of the Code of Civil Procedure provides, among other things, "But at any time within the year after the complaint is filed, the defendant may, in writing, or by appearing and answering or demurring, waive the issuing of summons; . . ."

Rules of Civil Procedure have superseded—in the cases in which they are applicable—the provisions of the Code of Civil Procedure relative to summons, the effect of the voluntary appearance has not been essentially changed. Both prior and after the approval of the Rules its scope has remained unchanged, subject, of course, to the provisions of Rules 12(b) and .(h), for under the latter, special appearances exclusively in order to challenge the jurisdiction of the court, are no longer necessary. *Gerber* v. *Fruchter*, 147 F. 2d 120 (C. A. 2, 1945) ; *Orange Theatre Corp.* v. *Rayhersiz Amusement Corp.*, *supra;* *Blank* v. *Bitker*, *supr*. : *Vilter Mfg. Co.* v. *Rolaff*, 110 F. 2d 491 (C. A. 8, 1940) ; *Schlaefer* v. *Schlaefer*, 112 F. 2d 177 (D.C. C.A., 1940) ; *Nagl* v. *Northam Warren Corp.*, 11 Fed. Rules Serv. 74 (D. C. Neb., 1948), 8 F.R.D. 130; *Bowles* v. *Underwood Corp.*, 9 Fed. Rules Serv. 80 (E. D. Wis., 1945) ; *Gin* v. *Biddle*, *supra;* 2 Moore's Federal Practice (2d ed.) 2260, § 12.12.

The cases of *Rivera* v. *District Court* and *Matos* v. *District Court*, *supra*, cited by the lower court, do not support its position. The case of Rivera involved a petition for the partition of property owned in common in an *ex parte* proceeding, and it was decided there that the proceeding for the partition of the common property, where the relief is not sought by all the co-owners, is not an act of *ex parte* jurisdiction—as distinguished from adversary jurisdiction—it being necessary that the action be commenced pursuant to the Rules of Civil Procedure which "require that the recovery of a right in adversary suits be established by means of a complaint and that defendant be brought .within the jurisdiction of the court by a summons issued by the clerk of the court · whereby he is not only notified of the complaint, but also informed as to the term that the law —not the court—grants him to appear to defend his rights," and that until this proceeding is changed by the proper authority, the petitioner in the proceeding for the partition

of the community, as well as any other person, is bound by it. In the *Matos* case an action of filiation was filed alleging that the defendants resided in Spain and on this ground the court was moved, by means of a verified motion, to order the service of the summons by publication, which order was issued and carried out. The defendants appeared especially for the sole purpose of challenging the jurisdiction of the court over them, attacking the service of the summons, inasmuch as for the publication of the summons the requisites prescribed in § 94 of the Code of Civil Procedure were not complied with. In setting aside the summons it was said that "as the jurisdiction of the court over the person of the defendant depends on his being summoned, such summons must be issued and served in strict compliance with the statute."

Neither the decision in the case of Rivera nor in the case of Matos is against the principle that a voluntary appearance—without objecting to the jurisdiction of the court over the person—dispenses with the requisite of the summons. Both cases correctly set forth the doctrine which, under the Code of Civil Procedure as well as now under the Rules, should prevail in accordance with the circumstances and the law in each of them.[2]

Under the circumstances of the case at bar, we hold that the voluntary appearance of the defendant, as it actually happened, is sufficient to vest the court with jurisdiction over her person.

The order appealed from should be set aside and the case remanded to the lower court for further proceedings not inconsistent with this opinion.

---

[2] The ruling in *Ortiz* v. *The Crescent Trading Co.*, 69 P.R.R. 464, is likewise not against this principle. In said case there was no voluntary appearance as in the case at bar; on the contrary: in a motion to open a default, the summons by publication was specifically challenged because of certain defects therein.