El juez Asociado Sr. Sulzbacher no formó tribunal en la vista de esta causa.

---

## Ex parte Nadal.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 105.—Resuelto en febrero 4, 1904.

ACTOS DE JURISDICCIÓN VOLUNTARIA.—Se considerarán actos de jurisdicción voluntaria todos aquellos en que sea necesaria, o se solicite la intervención del juez, sin estar empeñada, ni promoverse cuestión alguna entre partes conocidas y determinadas.

ID.—ENAJENACIÓN DE BIENES DE MENORES—AUTORIZACIÓN JUDICIAL—PAGO DE DEUDAS DEL CAUSANTE.—Los expedientes sobre autorización judicial para enajenar bienes de menores corresponden a la jurisdicción voluntaria, y el hecho de que el motivo que se alegue para la enajenación consista en la necesidad de pagar ciertas deudas del causante, no da al expediente el carácter de contencioso y es motivo que justifica la promoción del expediente.

ID.—NECESIDAD Y UTILIDAD.—Justificada en forma legal la necesidad y utilidad de la enajenación de los bienes de menores, es procedente la autorización de la misma.

### EXPOSICIÓN DEL CASO.

En el recurso de apelación que ante nos pende interpuesto por Doña Eulogia Nadal y Colón, viuda de Kearney, en el

expediente de jurisdicción voluntaria por ella promovido ante el Tribunal de Distrito de San Juan, sobre autorización judicial para enajenar bienes de menores.

*Resultando:* que en el expresado expediente dictó auto dicho tribunal en dos de julio último, que copiado a la letra dice así:

"Puerto Rico, julio dos de mil novecientos tres. *Resultando:* que Doña Eulogia Nadal de Kearney manifestando que su esposo D. Daniel W. Kearney falleció en Aguadilla en 25 de marzo de 1902, quedando tres hijos menores no emancipados de ese matrimonio, María Providencia, Josefina y Guillermo; que su mencionado esposo (*) era, hacía mucho años, empleado en la mercantil J. T. Silva, en la sucursal de Aguadilla, y al convertirse en primero de enero de 1901 esa sociedad por acciones en J. T. Silva Banking and Commercial Company, ofreció a dicho Kearney el cargo de director si poseía veinte cinco acciones de cien dollars que habían de depositarse en las cajas de la sociedad como garantía de su gestión; y careciendo Kearney de dinero acudió a Doña Leocadia Alvarez de Kearney, quien le facilitó en calidad de préstamo tres mil dollars con los que adquirió treinta acciones y pudo ejercer el citado cargo, abonando a Doña Leocadia treinta dollars mensuales por intereses; que desde el fallecimiento, ésta no ha podido cobrar los intereses por estar las treinta acciones registradas en los libros de la compañía a nombre de Daniel W. Kearney y se hace preciso devolver los tres mil dollars evitando la reclamación judicial, y para atender a esa necesidad no queda otro recurso que transferir a Doña Leocadia las acciones, porque los demás bienes heredados del difunto Kearney por Doña Eulogia y sus hijos consistentes en dinero de pólizas de seguros de vida, están colocadas por tiempo determinado y es violenta la realización y perjudicial a los menores y suplica, previa información de necesidad y utilidad de la enajenación, autorización judicial para enajenar o transferir a Doña Leocadia las treinta acciones.

"*Resultando:* que acompañó a esa petición las partidas de bautismo de los hijos menores mencionados y la declaratoria de herederos abintestato de ellos por ser hijos procreados en el matrimonio con Doña Eulogia y ésta con derecho a la cuota en usufructo.

*Resultando:* que practicada información con citación del señor Fiscal, declararon tres testigos constarles que Don Daniel W. Kearney adeudaba a su señora madre Doña Leocadía Alvarez tres mil dollars

que ésta le facilitó para la compra de acciones de la sociedad citada, por cuya razón considera útil y necesaria para los menores la enajenación o traspaso a esta señora de esas acciones objeto del expediente, con el fin de pagar cómodamente la deuda contraída por el Sr. Kearney.

"*Resultando:* que el señor Fiscal es de opinión se conceda la autorización para enajenar las acciones.

"*Considerando:* que los actos judiciales en que se promueve una cuestión entre partes conocidas y determinadas, como ha sucedido en el presente caso, no merecen el concepto de jurisdicción voluntaria, por más que la cuestión no se haya empeñado por ciertos trámites, puesto que según las palabras del artículo 1810 de la Ley de Enjuiciamiento Civil, basta que la cuestión se haya promovido, sin necesidad de que se haya empeñado. (*)

"*Considerando:* que los asuntos que notoriamente afectan a partes conocidas y determinadas en la esfera de la jurisdicción voluntaria, y mucho más cuando quien promueve el expediente lo hace para llevar a efecto actos que afectan a bienes pertenecientes a menores, eludiendo preceptos legales que determinan la tramitación del libro 2º. de la Ley de Enjuiciamiento Civil.

"*Considerando:* que a nadie es lícito alterar los preceptos de procedimientos por la ley señalados para los juicios en la jurisdicción contenciosa, porque la ley aunque claramente no lo dice se sobreentiende señalando tramitación especial en el libro 2º. de la Ley de Enjuiciamiento Civil a los actos que ella quiere comprender, teniendo en consideración elevados y respetables intereses que era indispensable proteger y amparar de una manera eficaz por medio de lo contencioso, y por eso ha segregado de la jurisdicción voluntaria las diligencias preventivas del abintestato, las preventivas del juicio, de testamentaría, en las que, o es necesaria la intervención del juez o aunque no lo sea puede solicitarse, y no hay empeñada, ni se ha promovido cuando se practican, contienda alguna entre partes conocidas, no reputándose de jurisdicción voluntaria porque la ley los ha excluído, como excluye que una demanda por acción real o personal y convienen ambas partes en que el juez la decida de plano, no por eso dejará de ser cuestión de la jurisdicción contenciosa, pues ésta existe siempre que hay poder o facultad para obligar a una parte a que haga o deje de hacer lo que otra le demanda.

"*Considerando:* que esa razón es la que debe tenerse presente al definir los actos de jurisdicción voluntaria y por eso debe advertirse es preciso no haya en éstos o no se desprenda como en el presente caso

de su ejecución, el poder o facultad mencionado. Se declara sin lugar la autorización judicial solicitada por Doña Eulogia Nadal de Kearney. Lo acordaron y firman los Señores Jueces del Tribunal de que certifico: Juan Morera Martínez, Frank H. Richmond, José Tous Soto, Luis Méndez Vaz.''

*Resultando:* que contra ese auto interpuso Doña Eulogía Nadal recurso de apelación que le fué admitido, y elevados los autos a esta Corte Suprema, se dió al recurso la tramitación correspondiente, habiendo sostenido la procedencia del mismo tanto la parte apelante como el Ministerio Fiscal.(*)

Abogado del apelante: *Sr. Juan Miguel Kearney.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

El Juez Asociado Sr. Hernández, después de exponer los hechos anteriores, emitió la opinión del tribunal.

Aceptando los fundamentos de hecho del auto apelado.

*Considerando:* que según el artículo 1810 de la Ley de Enjuiciamiento Civil, se considerarán actos de jurisdicción voluntaria todos aquellos en que sea necesaria, o se solicite, la intervención del juez sin estar empeñada, ni promoverse cuestión alguna entre partes conocidas y determinadas.

*Considerando:* que el expediente promovido por Doña Eulogia Nadal, viuda de Kearney, es y debe calificarse como de jurisdicción voluntaria, no sólo por no estar empeñada ni promoverse cuestión alguna entre personas conocidas y determinadas, según exige el precepto legal anteriormente citado, sino porque está comprendido de modo expreso en el título 11°. del libro 3°. de la Ley de Enjuiciamiento Civil, que trata de la enajenación de bienes de menores e incapacitados y transacción acerca de sus derechos, sin que el motivo que se alega para la enajenación pretendida, consistente en la necesidad de pagar una deuda a Doña Leocadia Alvarez, le dé el carácter de contencioso, pues tal motivo justifica la promoción del expediente y está previsto en el artículo 2020 de la mencionada ley.

*Considerando:* que habiéndose justificado en forma legal la necesidad y utilidad de la enajenación de las acciones de que se trata, es de accederse a la pretensión de Doña Eulogia Nadal, viuda de Kearney.

*Vistos* los artículos 1810, 2010, 2011, 2012, 2013 y 2014 de la Ley de Enjuiciamiento Civil.

*Se revoca* el auto apelado que dictó el tribunal de San Juan el dos de julio último, y otorgamos a Doña Eulogia Nadal, viuda de Kearney, la autorización que solicita para enajenar o transferir a Doña Leocadia Alvarez, viuda de Kearney, las treinta acciones de que se trata en pago del (*) crédito de tres mil dollars que a favor de la segunda contrajo el difunto D. Daniel W. Kearney, y con certificación de la presente resolución, devuélvanse los autos al Tribunal de Distrito de San Juan a los fines procedentes.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de este caso.