Sabina Rivera, peticionaria, *v.* Corte de Distrito de Caguas, Hon. J. Villares Rodríguez, Juez, demandada.

Núm. 1738.—*Sometido:* Abril 6, 1948. *Resuelto:* Abril 27, 1948.

---

*E. Martínez Rivera* y *Luis Blanco Lugo,* abogados de la peticionaria; *R. Arjona Siaca* y *A. Figueroa Rivera,* abogados del Juez recurrido.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La cuestión a decidir en el presente caso es si un comunero puede solicitar la división de la cosa común mediante un procedimiento *ex parte.* La corte inferior denegó de plano una petición de división de comunidad iniciada en un procedimiento ex parte, sin perjucio de que la peticionaria recurriera al procedimiento ordinario.

La petición radicada en la corte inferior sustancialmente alega que la peticionaria es dueña de la mitad proindivisa de una finca urbana que se describe; que le otra mitad pertenece a Juana Valdés; que la peticionaria no desea permanecer en la comunidad y siendo la finca indivisible ha ofrecido a la otra condueña venderle su condominio o comprarle el de ella y que aquélla no había accedido a lo uno ni a lo otro. Termina la petición con súplica de que con citación de Juana Valdés se ordene al márshal que proceda a vender en pública subasta la referida finca y que depo-

site en la secretaría de la corte el producto de la venta para ser distribuído entre las condueñas según proceda.

Los abogados de la peticionaria empiezan por admitir que no conocen de ningún caso donde la división de comunidad se haya tramitado mediante expediente de jurisdicción voluntaria ni pueden citar autoridad alguna en apoyo de su contención. Ello no obstante insisten en la adecuación del procedimiento seguido por ellos y a ese efecto arguyen que no puede presumirse que al notificarse a Juana Valdés de la pretensión de la peticionaria, vaya ella a comparecer a oponerse a la venta en pública subasta. Basan esta suposición en que no interesando ella comprar el condominio de la peticionaria ni venderle el suyo, debe presumirse que lo que desea es que se venda la propiedad en pública subasta. Arguyen, además, que para exigir a la peticionaria que siga un pleito declarativo habría que suponer que los hechos alegados por ella en su petición de división de comunidad no son ciertos y que entre ella y Juana Valdés existe una controversia de hecho o de derecho sujeta a adjudicación judicial y que de los autos no surge base para tal presunción.

En verdad no vemos por qué debemos presumir que Juana Valdés no vaya a comparecer a oponerse a las pretensiones de la peticionaria. Si bien ésta alega que Juana Valdés se niega a comprar la participación de la peticionaria o a venderle la suya, ésa es una mera alegación de la peticionaria que debe probar antes de que podamos tomarla como cierta. Tradicionalmente ha existido en Puerto Rico y existe aún, la distinción entre asuntos de jurisdicción voluntaria y los de jurisdicción contenciosa. Según el artículo 1811 de la Ley de Enjuiciamiento Civil,(1) el cual está aún en vigor por no hallarse en conflicto con el Código de Enjuiciamiento Civil que empezó a regir en

_____

(1)Nos referimos a la Ley de Enjuiciamiento Civil que empezó a regir en Puerto Rico el 1ro. de abril de 1881.

676

1904,([2]) ni con las Reglas de Enjuiciamiento Civil, se considerarán actos de jurisdicción voluntaria todos aquéllos en que sea necesaria, o se solicite, la intervención del juez, sin estar empeñada ni promoverse cuestión alguna entre partes conocidas y determinadas. *Ex parte Nadal,* 5 D.P.R. 110 (1904) (2da. ed., 1913).

Un ejemplo típico de actos de jurisdicción voluntaria es una solicitud para enajenar bienes de menores o una sobre declaratoria de herederos. En esos casos no se promueve acción alguna entre partes conocidas y determinadas. Los peticionarios son los únicos interesados en el remedio que se solicita. Puede, desde luego, convertirse el procedimiento en contencioso si compareciere una parte oponiéndose o pretendiendo un interés adverso al de los peticionarios.

 Contrario a la aseveración de la peticionaria, en el presente caso se promueve una cuestión entre partes conocidas y determinadas. De un lado está la peticionaria alegando que es dueña de la mitad proindivisa de la finca. Del otro está Juana Valdés, quien, según la propia peticionaria, es dueña de la otra mitad. Se alega por ésta que Juana Valdés se niega a comprarle su condominio o a venderle el suyo, y por último se solicita que la totalidad de la finca se venda en pública subasta al mejor postor. Siendo esto así, parece claro que el procedimiento para dividir la comunidad en el presente caso, donde no comparecen en solicitud del remedio todos los condueños, no es un procedimiento de jurisdicción voluntaria.([3])

Con el mismo derecho que ahora pretende hacerlo la peticionaria, podría el que se creyese con derecho a cobrar

([2])El artículo 361 del Código de Enjuiciamiento Civil prescribe:

''Toda ley, reales decretos, órdenes, órdenes militares, disposiciones o parte de ellos incompatibles o en conflicto con este Código quedan por la presente derogados.''

([3])Si todos los condueños se ponen de acuerdo para solicitar la venta de la cosa en pública subasta, por ser ésta indivisible, o por no ponerse de acuerdo con su división, no hay duda que en ese caso podría acudirse a la jurisdicción voluntaria.

un crédito acudir a la jurisdicción voluntaria y de ese modo hacer caso omiso del procedimiento ordinario prescrito por la ley. La ley adjetiva, o más concretamente, el Código de Enjuiciamiento Civil y las Reglas de Enjuiciamiento Civil cuando son aplicables, tienen fuerza de ley y los que acuden a las cortes de justicia en solicitud de remedios, están obligados a seguirlos mientras se hallen vigentes. Las Reglas de Enjuiciamiento Civil exigen que la reclamación de un derecho en casos contenciosos se promueva por medio de una demanda y que el demandado sea traído a la jurisdicción de la corte mediante un emplazamiento expedido por el secretario en el cual, no sólo se le notifica de la demanda, sí que se le informa del plazo que la ley—no la corte—le concede para comparecer en defensa de sus derechos. Mientras ese procedimiento no sea variado por la autoridad competente, tanto la peticionaria como cualquiera otra persona, están obligadas a seguirlo.

*Procede desestimar la petición de certiorari y devolver los autos originales a la corte inferior.*