José E. Franco Ramos, peticionario, *v.* Corte de Distrito de Ponce, Hon. Ramón A. Gadea Picó, Juez, demandada.

Núm. 1815.—*Sometido:* Febrero 1, 1950. · *Resuelto:* Junio 23, 1950.

---

*Raúl Matos,* abogado del peticionario.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

El 17 de agosto de 1949 José E. Franco Ramos interpuso demanda de divorcio contra Sonia Irizarry Pérez, por la cau-

sal de trato cruel. Entre otras cosas, en el hecho primero de la demanda se alegó que la demandada había embarcado hacia los Estados Unidos sin el consentimiento y contra la voluntad del demandante, residiendo en la indicada fecha en la ciudad de Miami, Florida. No se expidió por el Secretario de la corte inferior el emplazamiento de que habla la Regla 4(a) de las de Enjuiciamiento Civil, ni se solicitó de la corte inferior orden alguna disponiendo que el emplazamiento se verificara por medio de edictos.

El primero de septiembre de 1949, y a través de su abogado Francisco Parra Toro, compareció la demandada en escrito titulado "Contestación", notificado al abogado del demandante en esa misma fecha, en el que exponía lo siguiente: "Que nada tiene que alegar contra los hechos expuestos en la demanda sobre divorcio radicada en contra de ella por su esposo José E. Franco Ramos." Al siguiente día, el abogado del demandante solicitó el señalamiento del caso para vista en su fondo por haber sido contestada la demanda. La corte inferior dictó resolución declarando no haber lugar al señalamiento pedido, por carecer de jurisdicción sobre la persona de la demandada "toda vez que el secretario no expidió el emplazamiento que ordena la ley", citando los casos de *Matos* v. *Agraít, Juez*, 59 D.P.R. 291 y *Rivera* v. *Corte*, 68 D.P.R. 673, así como la Regla 4 de las de Enjuiciamiento Civil en sus apartados (a) y (d). Solicitada la reconsideración, ésta fué denegada.

Expedimos el auto de *certiorari* para revisar la actuación del tribunal inferior.

■ La falta de jurisdicción sobre la persona de un demandado, en casos apropiados, es materia de defensa que éste puede plantear bien a través de moción para desestimar—Regla 12(b) de las de Enjuiciamiento Civil—o, si no ha presentado tal moción, en su contestación o réplica—Regla 12(h). Bajo esta última, si no la plantea mediante moción, y comparece a contestar sin que entonces la plantee, renuncia a tal defensa. *Branic* v. *Wheeling Steel Corporation*, 152

F.2d 887 (C.C.A. 3, 1945); *Orange Theatre Corp.* v. *Rayherstz Amusement Corp.*, 139 F.2d 871 (C.C.A. 3, 1944), 7 Fed. Rules Serv. 131; *Blank* v. *Bitker*, 135 F.2d 962 (C.C.A. 7, 1943); *Gin* v. *Biddle*, 60 Fed. Supp. 530 (E.D. Pa., 1945), 8 Fed. Rules Serv. 209; 2 Moore's *Federal Practice* (2da. ed.) 2327, sec. 12.23.

██ El comienzo de una acción civil lo determina la radicación de una demanda en corte—Regla 3 de las de Enjuiciamiento Civil—y no el subsiguiente diligenciamiento del emplazamiento y la demanda, dispuesto por la 4 (*d*) de dichas Reglas. *Fleming* v. *Weisberg*, 7 F.R.D. 47 (E.D. N. Y., 1947); *O'Leary* v. *Loftin*, 3 F.R.D. 36 (E.D. N.Y., 1942). Comenzada la acción, uno de los propósitos de la expedición del emplazamiento y su diligenciamiento junto a la demanda, bien personalmente o por edictos, es el de dar jurisdicción a la corte sobre la persona del demandado, además de informarle sobre la naturaleza de la reclamación y otros extremos requeridos en ley.

██ La comparecencia voluntaria de un demandado, ya iniciada la acción—como la de la demandada en este caso— suple la omisión del emplazamiento, al situarse ella misma al alcance del tribunal para que éste resuelva la acción en sus méritos. *Pinkus* v. *Walker*, 61 F. Supp. 610 (D.C. N.J., 1945), modificado en cuanto a otros extremos en *Reilly* v. *Pinkus*, 338 U.S. 269, 94 L. ed. 79 (1949).

La expedición de un emplazamiento, y sus diligenciamiento conjuntamente a la demanda, así como el cumplimiento con los requisitos exigidos para que se autorice el emplazamiento por edictos, son trámites necesarios para que un tribunal adquiera jurisdicción sobre la persona del demandado cuando se trata de *traerlo* a la jurisdicción del tribunal por los cauces que la ley establece para ello. Pero no es así cuando se persona voluntariamente en autos, con plena capacidad legal.

El artículo 98 del Código de Enjuiciamiento Civil dispone, entre otras cosas, que "La comparecencia voluntaria de un

demandado es equivalente a la diligencia de su citación personal y entrega de la copia de la demanda." (1)   Aun,cuando las Reglas de Enjuiciamiento Civil hayan reemplazado—en los casos a que se aplican—las disposiciones del Código de Enjuiciamiento Civil relativas a emplazamientos, no ha variado, en esencia, el efecto de la comparecencia voluntaria, que tanto antes como después de la aprobación de las Reglas sigue teniendo el mismo alcance, con sujeción, desde luego, a lo dispuesto en las Reglas 12(*b*) y (*h*), pues bajo éstas la comparecencia especial a los fines de atacar exclusivamente la jurisdicción de la corte, se ha hecho innecesaria.   *Gerber* v. *Fruchter*, 147 F.2d 120 (C.C.A. 2, 1945) ; *Orange Theatre Corp.* v. *Rayherstz Amusement Corp.*, supra; *Blank* v. *Bitker*, supra; *Vilter Mfg. Co.* v. *Rolaff*, 110 F.2d 491 (C.C.A. 8, 1940) ; *Schlaefer* v. *Schlaefer*, 112 F.2d 177 (D.C. C.A., 1940) ; *Nagl* v. *Northam Warren Corp.*, 11 Fed. Rules Serv. 74 (D.C. Neb., 1948), 8 F.R.D. 130; *Bowles* v. *Underwood Corp.*, 9 Fed. Rules Serv.: 80 (E.D. Wis., 1945) ; *Gin* v. *Bidle*, supra; 2 Moore's *Federal Practice* (2da. ed.) 2260, sec. 12.12.

Los casos de *Rivera* v. *Corte* y *Matos* v. *Agrit, Juez*, supra, citados por el tribunal inferior, no sostienen su posición.   En el de *Rivera*, se trataba de una petición de división de comunidad de bienes iniciada en un procedimiento *ex parte*, y en él se resolvió que el procedimiento para dividir la comunidad, cuando no comparecen en la solicitud todos los condueños, no es un procedimiento de jurisdicción voluntaria— a distinción de la contenciosa—siendo necesario que se inicie de acuerdo con las Reglas de Enjuiciamiento Civil que "exigen que la reclamación de un derecho en casos contenciosos se promueva por medio de una demanda y que el demandado sea traído a la jurisdicción de la corte mediante un emplazamiento expedido por el secretario en el cual, no sólo se le

(1) El artículo 88 del Código de Enjuiciamiento Civil dispone, entre otras cosas, "Pero en cualquier tiempo dentro del año después de presentada la demandada, el demandado puede darse por citado por medio de escrito, o mediante su comparecencia, contestando o alegando excepción dilatoria contra dicha demanda; . . ."

notifica de la demanda, si que se le informa del plazo que la ley—no la corte—le concede para comparecer en defensa de sus derechos", y que mientras ese procedimiento no sea variado por la autoridad competente, la peticionaria en el procedimiento sobre división de comunidad, al igual que cualquiera otra persona, estaba obligada a seguirlo. En el de *Matos* se radicó demanda de filiación y en ella se alegó que los demandados residían en España, y basándose en ese hecho se solicitó de la corte, por moción jurada, que ordenara su citación mediante edictos, lo que se ordenó y fué hecho. Los demandados comparecieron especialmente al solo fin de impugnar la jurisdicción de la corte sobre ellos, atacando el emplazamiento, ya que para la publicación de los edictos no se llenaron los requisitos ordenados por el artículo 94 del Código de Enjuiciamiento Civil. Al anular el emplazamiento se dijo que "dependiendo la jurisdicción de la corte sobre la persona del demandado de dicha citación, ésta debe expedirse y practicarse cumpliéndose estrictamente con la ley."

Ni lo resuelto en el caso de *Rivera* ni en el de *Matos* milita contra el principio de que la comparecencia voluntaria—sin que se haga objeción a la jurisdicción del Tribunal sobre la persona—dispensa del requisito del emplazamiento. En ambos se expone correctamente la doctrina que tanto bajo el Código de Enjuiciamiento Civil, como actualmente bajo las Reglas, debe prevalecer de acuerdo con las circunstancias y la ley en cada uno de ellos.[2]

Bajo las del presente caso, resolvemos que es suficiente la comparecencia voluntaria de la demandada en la forma hecha para dar jurisdicción a la corte sobre su persona.

*Procede anular la resolución recurrida y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

---

[2] Tampoco milita en contra de ese principio lo resuelto en *Ortiz* v. *The Crescent Trading Co.,* 69 D.P.R. 501. En dicho caso no hubo la comparecencia voluntaria del de autos; al contrario: en moción sobre apertura de rebeldía, se impugnó específicamente el emplazamiento hecho por edictos, por defectos en el mismo.