| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | |
|---|---|---|
| VIVIAN AROCHO HERNÁNDEZ<br><br>EXPARTE<br><br>Peticionaria | KLAN202400657 | Apelación **-se acoge como *Certiorari*-** procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Caso núm.: HU2024CV00723<br><br>Sobre: Petición de Orden- Cambio de Nombre |

Panel integrado por su presidente, el juez Sánchez Ramos, el juez Pagán Ocasio, el juez Marrero Guerrero y la jueza Boria Vizcarrondo.

Sánchez Ramos, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

El Tribunal de Primera Instancia ("TPI") ordenó el cierre y archivo, sin perjuicio, de una petición de cambio de nombre y corrección de errores en un certificado de nacimiento de New York. Según se explica a continuación, concluimos que, aunque el TPI, en este contexto, no tiene autoridad para emitir la orden solicitada a las autoridades de New York, sí tiene jurisdicción para emitir una declaración sobre el nombre por el cual se conoce a la peticionaria en esta jurisdicción, ello al amparo del proceso reglamentario de perpetuar un hecho (*ad perpetuam rei memoriam*).

I.

El 28 de mayo de 2024, la Sa. Vivian Arocho Hernández (la "Peticionaria"), por derecho propio, presentó ante el TPI una *Petición* sobre "Solicitud de Cambio de Nombre". Alegó que nació en 1963 en New York, pero vive desde sus 4 años de edad en Puerto Rico. Señaló que ha vivido y se le conoce como *Vivian Arocho Hernández*. Indicó que "aparece identificada con dicho nombre en todo documento oficial, incluyendo, pero sin limitarse a, su tarjeta de

seguro social, licencia de conducir, tarjeta electoral, certificado de matrimonio, pasaporte de los Estados Unidos de América, entre otros".

No obstante, afirmó que, en su certificado de nacimiento, aparece identificada como "Byrian Arocha", del sexo femenino, con Rosa Hernández como madre, y José Arocha como padre (ello a pesar de que en su certificado de nacimiento y matrimonio, el padre de la Peticionaria tiene el apellido Arocho).

Aseveró que ha intentado que la agencia pertinente de New York (*New York City Department of Health and Mental Hygiene*, o la "Agencia de New York") corrija el certificado, pero que la misma exige una orden judicial. Señaló que la Agencia de New York le comunicó que necesitaba una orden de una corte de jurisdicción competente para cambiar su nombre en el certificado de nacimiento. Asimismo, la Agencia de New York le informó que, para corregir el nombre legal de su madre, el lugar de nacimiento de su padre y el apellido de este también se necesitaba una orden de una corte de jurisdicción competente. La orden debía incluir el nombre como aparece en el certificado de nacimiento, la fecha de nacimiento, el lugar de nacimiento e incluir todos los nombres por los que la Peticionaria también es conocida ("también conocida como").[1]

La Peticionaria solicitó al TPI que "emita orden dirigida" a la Agencia de New York para cambiar su nombre, corregir el apellido de su padre y se "constate el nombre" de su madre. Planteó que lo solicitado "no perjudicará a persona alguna" y que la solicitud se presentaba bajo la jurisdicción voluntaria del TPI.

---

[1] En específico, la Oficina de Récords Vitales, Correcciones y Unidad de Enmiendas dispuso como sigue:

> An original certified Court order from a Court of Competent Jurisdiction is required to change your name on birth certificate on file from Byrian Arocha to Vivian Arocho. **Court order must include your name as it now appears on birth certificate, date of birth and place of birth. Include all names that you are using as an aka on the court order**. (Énfasis provisto).

Luego de que el TPI requiriese su postura, el Ministerio Público sostuvo, por escrito, que el TPI carecía de jurisdicción sobre la materia. El 24 de junio, el TPI celebró una vista en la cual el Ministerio Público reiteró que el TPI carecía de jurisdicción para ordenar el cambio de nombre.

No obstante, durante la vista, el Ministerio Público señaló que, bajo la Regla 3.1(b) de las de Procedimiento Civil, 32 LPRA Ap. V R. 3.1(b), se podía consignar cuál sería el nombre por el cual la Peticionaria es reconocida en nuestra jurisdicción. De acuerdo con la *Minuta* que recoge las incidencias de la vista, el TPI le ordenó al Ministerio Público presentar por escrito su recomendación.[2] En igual fecha, la Peticionaria interpuso una *Moción Por Derecho Propio* para presentar copia oficial de los certificados de nacimiento de sus progenitores.

A pesar de que ordenó al Ministerio Público expresarse por escrito en cuanto a un posible remedio, ese mismo día (24 de junio), el TPI dictó una *Resolución por Desestimación* (la "Decisión"), la cual fue notificada al día siguiente. En síntesis, el TPI desestimó la *Petición* por entender que carecía de jurisdicción sobre la persona y sobre la materia.

El 28 de junio, la Peticionaria solicitó la reconsideración de la Decisión. Arguyó que recurría al TPI a través de una solicitud bajo la Regla 3.1(b) de las de Procedimiento Civil, *supra*, para consignar y perpetuar el hecho de que Byrian Arocha y Vivian Arocho Hernández son la misma persona. Añadió que este hecho no estaba en controversia ni resultaba perjudicial a otra persona. Ese mismo día, el TPI notificó un dictamen mediante el cual denegó la moción de reconsideración.

---

[2] Véase Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada núm. 7, Minuta y Entrada núm. 10, Minuta Enmendada.

El 10 de julio, la Peticionaria, por derecho propio, presentó el recurso de referencia, en el cual reproduce lo planteado ante el TPI y nos solicita la revisión de la Decisión[3].

Luego de que le solicitáramos al Procurador General consignar su postura, este compareció el 3 de septiembre. Sostuvo que el TPI no tenía jurisdicción para emitir una orden dirigida a la Agencia de New York, pero no consignó postura alguna en cuanto a la solicitud de la Peticionaria bajo la Regla 3.1(b), *supra*. Resolvemos.

## II.

El TPI tiene facultad para conocer de los procedimientos de jurisdicción voluntaria. "…[S]e consideran actos de jurisdicción voluntaria todos aquellos en que sea necesario, o se solicite la intervención del juez, sin estar empañada ni promoverse cuestión alguna entre partes conocidas y determinadas". J. Cuevas Segarra, *Tratado de Derecho Procesal*, 2da edición, Tomo I, 2011, pág. 257 (citando a *Rivera v. Corte*, 68 DPR 673, 675-676 (1948)). Lo dispuesto por el TPI en un procedimiento de jurisdicción voluntaria no constituye cosa juzgada, debido a que ello no da ni quita derechos. *Ex parte AB Intestato Alfonso Lugo Rodríguez*, 151 DPR 572, 591 (2000).

El fin limitado de la jurisdicción voluntaria consiste en conferir fuerza jurídica a actos y manifestaciones consensuales de la voluntad privada, incluso actos y manifestaciones unilaterales, a la cual conviene atribuir sanción jurídica, mediante la intervención de la potestad pública. *Íd.*, citando a *B. & L. v. P.R. Cast. Steel Corp.*, 114 DPR 808, 822, N. 3 (1983). En dicho procedimiento, la falta de jurisdicción sobre la materia es un elemento privilegiado y

---

[3] Se acoge el recurso como una petición de *certiorari*, por ser lo procedente en cuanto a la revisión de una determinación final en un caso de jurisdicción voluntaria, aunque, por conveniencia administrativa, se mantiene la clasificación alfanumérica del recurso.

jurisdiccional invocable en cualquier momento. *Íd.*, a las págs. 257-258.

En cuanto al expediente *ad perpetuam rei memoriam*, este tiene el fin de perpetuar la memoria de un hecho cuando existe el peligro de que la prueba del mismo pueda perderse por razón de la ausencia o muerte de los testigos que lo conocen o por otras razones. *Ex Parte Pérez*, 65 DPR 938, 940 (1946). Así pues, permite que ciertos hechos queden consignados, los cuales al promovente le "interesa queden consignados de un modo solemne, a fin de que consten en lo sucesivo, y no puedan desaparecer, olvidarse o se desfigurarse en el transcurso del tiempo". J. Cuevas Segarra, *op cit.*, a la pág. 259 citando a Manresa, *Comentarios a la Ley de Enjuiciamiento Civil,* Madrid, 7ma ed., 1960, T. VIII, pág. 817. La intervención judicial les confiere a los hechos consignados la autenticidad y fe que de otro modo carecerían. *Íd.*

Este trámite está expresamente reconocido en la Regla 3.1(b), *supra*, al establecerse que: "Se podrá acudir al tribunal con un recurso de jurisdicción voluntaria con el fin de consignar y perpetuar un hecho que no sea objeto de una controversia judicial en ese momento y que no pueda resultar en perjuicio de una persona cierta y determinada."

No es pertinente considerar el uso que habrá de darse en el futuro al testimonio perpetuado, excepto a los únicos fines de determinar si podría perjudicar a alguna otra persona. *Ex parte Pérez*, 65 DPR a la pág. 944. Es decir, la información *ad perpetuam* cabe para perpetuar cualquier hecho, con tal de que no resulte en perjuicio a una persona cierta y determinada. *Ex Parte Pérez*, 65 DPR a la pág. 943.

### III.

Concluimos que erró el TPI al desestimar la Petición sin considerar la solicitud de la Peticionaria a la luz de la Regla 3.1(b),

*supra.* Aunque el TPI no tiene jurisdicción sobre la materia para emitir una orden a la Agencia de New York con el fin de que cambie el certificado de nacimiento de esta, el TPI sí tiene jurisdicción para emitir un dictamen bajo la Regla 3.1(b), *supra,* el cual recoja el nombre correcto, y cualquier otra circunstancia personal, de la Peticionaria y sus padres. De hecho, ante el TPI, el Ministerio Público así lo reconoció y, ante este Tribunal, el Procurador General no lo objetó, luego de que la Peticionaria así lo solicitara ante el TPI en su moción de reconsideración.

Adviértase que los tribunales concedemos lo que en derecho procede, sin que necesariamente estemos atados a la formulación específica inicial del remedio por la parte peticionaria. Véase, *Rivera Flores v. Cía. ABC,* 138 DPR 1, 8 (1995). Además, existe una clara política pública de que los casos se ventilen en los méritos, en atención al importante interés de que todo litigante tenga su día en corte. *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 124 (1992).

En conclusión, el TPI ostenta jurisdicción sobre la persona de la Peticionaria y sobre la materia en cuanto al procedimiento para hacer constar la memoria de un hecho, bajo la Regla 3.1(b) de las de Procedimiento Civil, *ante.* El TPI deberá acoger la *Petición* como una *ad perpetuam rei memoriam* y dilucidar, luego de la celebración de una vista en la cual la Peticionaria tenga la oportunidad de probar los hechos que interesa perpetuar, si procede hacerlos constar.

IV.

Por los fundamentos que anteceden, se expide el auto solicitado, se revoca la determinación apelada y se devuelve el caso al Tribunal de Primera Instancia para trámites ulteriores compatibles con lo aquí resuelto y expuesto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El juez Pagán Ocasio disiente, sin opinión

escrita, por entender que la determinación del Tribunal de Primera Instancia es correcta en derecho.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones