ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **EVELYN TOLENTINO**<br><br>Peticionaria<br><br>v.<br><br>**Ex Parte** | KLCE202401130 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Humacao**<br><br>Caso Núm.:<br>**HU2024CV00644**<br><br>Sobre:<br>Petición de Declaratoria de Herederos |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de noviembre de 2024.

Comparece ante nos la señora Evelyn Tolentino mediante el presente *Recurso de Certiorari Civil* y nos solicita que revoquemos la *Resolución*[1] y *Resolución en Reconsideración*[2] emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI) el 14 de junio de 2024 y 18 de septiembre de 2024, y la declaremos única y universal heredera de la difunta señora Andreina Torres Tolentino, también conocida como Andreina Tolentino.

Por los fundamentos que discutiremos a continuación, expedimos el auto solicitado y revocamos la determinación del foro primario. Devolvemos el caso al TPI para que continúen los procedimientos.

---

[1] Apéndice de *Recurso de Certiorari Civil*, pág. 12. Notificada y archivada en autos el 17 de junio de 2024.
[2] *Íd.*, págs. 16-17. Notificada y archivada en autos el 18 de septiembre de 2024.

**I**

El 13 de mayo de 2024 la señora Evelyn Tolentino presentó ante el Tribunal de Primera Instancia, Sala Superior de Humacao una *Petición* sobre declaratoria de herederos.[3] En apretada síntesis, la parte aquí compareciente alegó que la señora Andreina Torres Tolentino era mayor de edad, soltera por divorcio y que falleció el pasado 10 de agosto de 2023 sin dejar testamento alguno. Que su única heredera era su hija la señora Evelyn Tolentino. Como parte de este escrito la señora Evelyn Tolentino adjuntó los siguientes documentos: (1) Juramento fechado al 10 de mayo de 2024; (2) Certificado de Defunción de la señora Andreina Torres Tolentino; (3) Certificación negativa emitida por el Registro de Testamentos; (4) Certificado de Nacimiento de la señora Evelyn Tolentino del Estado de New York; (5) Una Certificación del Registro de Competencias Notariales certificando la inexistencia de alguna declaratoria de herederos de la señora Andreina Torres Tolentino.

En respuesta, el foro primario emitió una *Orden*[4] mediante la cual expresó lo siguiente:

> En la petición se expuso que la causante es Andreina Torres Tolentino. No obstante, del certificado de nacimiento de la heredera Evelyn surge que su madre era "Andreina Tolentino". Cuenta la parte peticionaria con un término de 20 días para que aclare. Cualquier corrección/enmienda a la petición original deberá presentarse de forma juramentada por el peticionario original...

> Por lo que el 13 de junio de 2024, la señora Evelyn Tolentino presentó su *Petición Enmendada* en la cual aclaró que quien falleció fue la señora Andreina Torres Tolentino también conocida como la señora Andreina Tolentino.[5] Alegó, además, que:

> 6. La peticionaria nació en el estado de Nueva York y fue reconocida únicamente por su madre, la señora ANDREINA TORRES TOLENTINO. Al inscribirla, el personal de vital records tomó el primer apellido de la

---

[3] *Íd.*, págs. 1-7.
[4] *Íd.*, pág. 8.
[5] *Íd.*, págs. 9-11.

Causante como un segundo nombre, y el Tolentino como su único apellido.

7. La Peticionaria quedó inscrita con el segundo apellido de la Causante y la Causante registrada en el certificado de nacimiento de ésta como ANDREINA TOLENTINO.

El 14 de junio de 2024 el foro primario emitió una *Resolución* mediante la cual ordenó el cierre y archivo del presente caso sin perjuicio, pues razonó que las alegaciones de la petición no eran susceptibles de atenderse en un procedimiento *ex parte*.[6]

Inconforme con tal determinación, la señora Evelyn Tolentino presentó una *Moción en Solicitud de Reconsideración*, el 2 de julio de 2024.[7] En esencia, la parte compareciente arguyó que en su certificado de nacimiento sus apellidos fueron invertidos. De igual forma, expresó que de creer el foro primario que existen otros parientes de igual o mejor grado que la solicitante, mediante el Artículo 552 del Código de Enjuiciamiento Civil de Puerto Rico, 32 LPRA sec. 2301, podría publicar edictos y no desestimar la causa de acción.

El 18 de septiembre el Tribunal de Primera Instancia emitió una *Resolución en Reconsideración*[8] en donde denegó la moción presentada por la señora Evelyn Tolentino, en específico razonó lo siguiente:

> El artículo 552 del Código de Enjuiciamiento Civil, en su parte pertinente dispone: "...[s]olicitada la declaración de herederos a favor de un pariente colateral dentro del sexto grado, si el juez tuviere motivos para creer que podrán existir otros parientes de igual o mejor grado...". Es menester señalar que este caso no trata de un caso de un alegado pariente colateral. El caso trata de la alegada descendiente inmediata de la causante. En efecto, a este Juez no alberga la duda que dispone el artículo 552 y para la cual el artículo 552 provee el mecanismo de edicto. De igual forma, concluye que el propósito que persigue el referido artículo es que de solicitarse una declaratoria por un colateral preferente el Juez pueda indagar si existe algún heredero en mejor grado. Esa no es la

---

[6] *Íd.*, pág. 12.
[7] *Íd.*, págs. 13-15.
[8] *Íd.*, págs. 16-17.

situación de este caso. En forma alguna esto implica que este Tribunal no pueda, conforme lo dispone el Código de Enjuiciamiento Civil, para casos ex parte, celebrar una vista para escuchar prueba. Lo que este Tribunal concluye es que esas instancias no incluyen la que se presenta en el caso de autos donde la peticionaria ni tiene el apellido de la causante.

Evaluamos el efecto de una vista evidenciaria, excluido el mecanismo, no aplicable del Artículo 552 (edicto) y considerando que la declaratoria de herederos no representa cosa juzgada. Entendemos que el mismo en el contexto del presente caso (alegaciones juramentadas y prueba que obra en autos), aún considerando lo expuesto en la oración previa, sería un ejercicio fútil y que soslayaría axiomas del Debido Proceso de Ley.

Este caso trata de una persona que, previo a lo aquí solicitado debería evaluar, orientada por su abogado: instar una acción de filiación, una solicitud de corrección de acta o una acción adversativa de división de comunidad hereditaria en la cual muy bien se puede determinar quiénes constituyen los herederos del causante. Cualquiera de estas preceden el proceso de solicitar una declaratoria de herederos. La prueba y partes que se deben presentar en ambas son distintas. En la segunda, inclusive el Ministerio Público comparece en representación del Estado a presentar su posición (en alguno de estos casos el Registro Demográfico puede ser parte interventora o comparecer como amigo de la corte). En la tercera se garantiza el Debido Proceso de Ley y es el mecanismo dispuesto en Ley que mejor atiende controversia como la planteada en este caso. (Énfasis omitido)

Inconforme, acude ante nos la parte peticionaria mediante el presente *Recurso de Certiorari Civil* y nos plantea la comisión del siguiente error:

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, AL DESESTIMAR LA PETICIÓN POR ENTENDER QUE ESTA CONTROVERSIA NO PUEDE SER ATENDIDA EN UN PROCEDIMIENTO DE JURISDICCIÓN VOLUNTARIA.**

## II

### A

El auto de *certiorari* es aquel vehículo procesal extraordinario, de carácter discrecional, que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); Véase, además a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo*

*v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Para este recurso discrecional, existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de *certiorari* sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de *certiorari*, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Deberá evaluar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de *certiorari*, no tiene que fundamentar su determinación. *Íd.*, R. 52.1

**B**

Los casos ex parte son procedimientos de jurisdicción voluntaria. Estos son, por su naturaleza, todos aquellos "en que sea necesaria, o se solicite, la intervención del juez, sin estar empeñada ni promoverse cuestión alguna entre partes conocidas y determinadas". *Rivera v. Corte*, 68 DPR 673, 676 (1948). En lo pertinente la Regla 3.1(b) de Procedimiento Civil, *supra*, R. 3.1(b), le otorga a los tribunales la facultad de atender los procedimientos de jurisdicción voluntaria. Es decir, una parte podrá acudir al tribunal mediante un procedimiento *ex parte* con el fin de consignar y perpetuar aquellos hechos que no sean objeto de una controversia judicial en ese momento y que no resulten en perjuicio de una persona cierta y determinada. *Íd.*

Este procedimiento suele emplearse para peticiones comunes, como la declaratoria de herederos, la expedición de cartas testamentarias, la adveración de testamentos ológrafos, la disposición de bienes de menores, el cambio de nombre, el divorcio por mutuo consentimiento, el nombramiento de tutores y defensores, la adopción y otras similares establecidas en las respectivas leyes particulares y habilitadoras. *RPR & BJJ, Ex Parte*, 207 DPR 389, 405 (2021). "En esos casos no se promueve acción

alguna entre partes conocidas y determinadas. Los peticionarios son los únicos interesados en el remedio que se solicita". *Rivera v. Corte, supra,* pág. 676.

Ahora bien, que un procedimiento comience como uno de jurisdicción voluntaria no impide que se convirtiere en uno contencioso cuando "compareciere una parte oponiéndose o pretendiendo un interés adverso al de los peticionarios". *Íd.* "De surgir una controversia genuina, el foro primario debe adjudicarla mediante un trámite dotado de múltiples características análogas a las de un juicio contencioso". *RPR & BJJ, Ex Parte, supra,* pág. 405. (Cita omitida).

Sobre esto, nuestro Tribunal Supremo ha determinado que los procedimientos no contenciosos (de jurisdicción voluntaria) no se han de limitar necesariamente a la comparecencia de una sola parte.

> [C]on frecuencia sucede que dentro de un procedimiento de jurisdicción voluntaria comparecen al tribunal varias partes en defensa de intereses completamente opuestos. Cuando así ocurre [...] se establece una genuina controversia a ser adjudicada por un tribunal de instancia mediante un trámite dotado de múltiples características análogas a las de un juicio contencioso o plenario.

*Batiz v. Tribunal Superior,* 104 DPR 41, 45 (1975).

Por lo tanto, de existir una controversia verdadera que surja a raíz de un procedimiento de jurisdicción voluntaria, el curso correcto es "convertir el proceso en uno contencioso y seguir el trámite ordinario". *Vilanova et al. v. Vilanova et al.,* 184 DPR 824, 858 (2012).

## C

El Artículo 552 del Código de Enjuiciamiento Civil, *supra,* dispone que:

> En casos de sucesión intestada o de nulidad de un testamento, los que tengan algún interés en la herencia podrán dirigir una solicitud a la Sala del Tribunal de Primera Instancia del último domicilio del finado, o del lugar en donde se encuentren sus bienes, pidiendo se

dicte el correspondiente auto de declaración de herederos.

*Íd.*

Este establece un procedimiento mediante el cual una persona interesada en una herencia puede solicitarle al tribunal que dicte una declaratoria de herederos. La declaratoria de herederos es el proceso judicial mediante el cual se identifican los herederos forzosos de una persona que haya fallecido sin testamento. Cabe destacar que una declaratoria no constituye una determinación final, firme y cerrada. Por el contrario, el Art. 552 del Código de Enjuiciamiento Civil dispone que la declaratoria de herederos "se dictará sin perjuicio a terceros" que no intervinieron en el proceso, sean o no herederos, si sus derechos pudieran verse afectados por la resolución. "Después de dictada la resolución firme, cualquier aspirante que no haya sido notificado del procedimiento, y que no haya comparecido en el mismo y tenga un derecho bien fundado a la herencia, podrá formular y hacer valer su derecho contra los que hayan sido declarados judicialmente herederos". *Íd.*, Art. 553. Por lo tanto, una persona con un interés o derecho oponible podrá levantarlo, aunque no haya sido incluido en la declaratoria de herederos.

Para que una solicitud de declaratoria de herederos sea válida, el peticionario debe declarar bajo juramento: (1) el fallecimiento de la persona de cuya sucesión se trate; (2) que, según su leal saber y entender, el causante falleció sin dejar testamento, o que se han hecho las investigaciones y registros correspondientes sin encontrarlo o, si hubiere dejado testamento, que éste ha sido declarado nulo; y, (3) los nombres y domicilios de las personas con derecho a la herencia o sucesión. *Íd.*, Art. 552. Por lo general, esto se cumple con la presentación de una certificación negativa de testamento en el Registro de Poderes, una certificación negativa

sobre asuntos no contenciosos ante notarios, un certificado de defunción que emite el Registro Demográfico, certificado de nacimiento de todas las personas herederas forzosas emitidas por el Registro Demográfico y, si la persona que falleció estaba casada, el certificado de matrimonio emitido por el Registro Demográfico, si era viuda, el Certificado de Defunción de su cónyuge, o, si estaba divorciada, la Sentencia de Divorcio. En ocasiones, y a discreción del tribunal, éste puede solicitar prueba adicional o celebrar una vista para comprobar la documentación presentada. *Íd.*

El Artículo 552 del Código de Enjuiciamiento Civil también contempla la posibilidad de que, ante el conocimiento de otros herederos no identificados o localizados, el tribunal pueda emitir una notificación por edicto llamando a aquellos herederos a comparecer. Dispone que:

> Solicitada la declaración de herederos a favor de un pariente colateral dentro del sexto grado, **si el juez tuviere motivos para creer que podrán existir otros parientes de igual o mejor grado**, y el valor de los bienes excede de cinco mil dólares ($5,000), **podrá el juez a su discreción mandar a publicar edictos anunciando el fallecimiento del finado y los nombres y grados del parentesco de los que reclaman la herencia y llamando a los que se crean con igual grado o mejor derecho para que comparezcan a reclamar dentro de un plazo determinado**. Los edictos se publicarán por un tiempo que fijará el juez en su orden, insertándolos en un periódico de circulación general en el Estado Libre Asociado. Transcurrido el término designado en los edictos, a contar desde la fecha de su última publicación, apreciadas las pruebas, dictará el juez auto, según lo previsto por la ley para el caso, haciendo declaración de las personas con derecho a la herencia. Las que comparezcan a consecuencia de dichos llamamientos deberán expresar por escrito y bajo juramento el grado de parentesco en que se hallen con el causante de la herencia, si no tuviesen a su disposición documentos que los justifiquen.

*Íd.* (Énfasis nuestro).

Por lo tanto, si un juez entiende que existen otros herederos forzosos que no hayan sido localizados o que no hayan comparecido, éste podrá notificarles mediante edicto. Este mecanismo evita que

un procedimiento, esencial pero no perjudicial, quede paralizado por meros tecnicismos de la ley. Conste que la notificación por edicto es un remedio extraordinario, por lo que la norma debe ser el cumplimiento con la presentación de los documentos antes señalados.

**III.**

La parte peticionaria nos señala que erró el Tribunal de Primera Instancia al desestimar la acción de declaratoria de herederos por entender que la controversia respecto a los apellidos de la causante y la peticionaria no podía ser atendida en un procedimiento de jurisdicción voluntaria.

Como hemos señalado, la Regla 3.1(b) de Procedimiento Civil, *supra*, establece que una parte, mediante el procedimiento de jurisdicción voluntaria, puede solicitarle al foro sentenciador a consignar y perpetuar aquellos hechos que no sean objeto de una controversia judicial en ese momento y que no resulten en perjuicio de una persona cierta y determinada.

En el caso ante nuestra consideración nos enfrentamos a una declaratoria de herederos, en donde alega la parte peticionaria ocurrió un error al momento de inscribir los apellidos de la causante y de la peticionaria.[9] El foro primario expresó que debido a que el procedimiento es uno *ex parte* el tribunal estaba impedido de atender la controversia pues, según este, la parte peticionaria debió haber llevado a cabo una acción de filiación, solicitud de corrección de acta o acción adversativa de división de comunidad hereditaria anterior a la declaratoria de herederos.[10] De igual forma, expresó que una vista evidenciaria, en el contexto del caso, representaría un ejercicio fútil y soslayaría el Debido Proceso de Ley.[11]

---

[9] *Íd.*, págs. 9-11.
[10] *Íd.*, págs. 16-17.
[11] *Íd.*

Sabido es que los procedimientos posteriores a la muerte de un causante propician la rapidez y eficiencia. Nos dice el tratadista Dr. José Ramón Vélez Torres que:

> El juez ante quien se haya presentado la solicitud de declaración de herederos examinará, en el más breve plazo posible, **toda la prueba documental en que el solicitante apoya sus pretensiones**. A base de la misma dictará la resolución que proceda, sin necesidad de celebrar vista. Pero, si así lo estimare conveniente, podrá discrecionalmente, **señalar vista y requerir otra prueba**. Cualquier resolución que se dicte se entenderá sin perjuicio de terceros, a no ser que se trate de herederos forzosos.
>
> J.R. Vélez Torres, *Curso de derecho civil: Derecho de Sucesiones,* 2ª ed. rev., Puerto Rico, Ed. UIPR, 1992, pág. 390. (Énfasis nuestro).

Resulta forzoso concluir que el TPI erró al determinar que "las alegaciones de la Petición no son susceptibles de atenderse en un proceso *ex parte*".[12] En primer lugar estamos ante un procedimiento procesal, **que en nada afecta los derechos de posibles terceros no presentes**. En efecto, el Artículo 1592 del Código Civil, *supra,* le reconoce a posibles herederos una acción para que se les reconozca su derecho hereditario. Consiguientemente, el Artículo 1593 del Código Civil reconoce que dicha acción es imprescriptible. Aun habiéndose presentado los documentos necesarios para la declaratoria de herederos, si el tribunal lo entendiese necesario, podrá celebrar una vista y requerir prueba adicional. Ante los hechos particulares de este caso, en el cual la señora Evelyn Tolentino alega que existe un error clerical en su certificado de nacimiento, en el que aparece el nombre de su madre como Andreina Tolentino en vez de Andreina Torres Tolentino, el TPI debió haber señalado una vista para escuchar la posición de la peticionaria. No se violentaría el Debido Proceso de Ley a ninguna parte, toda vez que la sentencia que el foro primario emita sobre la declaratoria de herederos se hace sin perjuicio a terceros.

---

[12] *Íd.*, pág. 12.

Finalmente, tomamos la oportunidad para reconocer que es común que una persona sea conocida por distintos nombres. Ejemplo de ello, es cuando una persona se casa y adopta el apellido de su cónyuge o, como se alega en el caso de autos, el nombre de una persona es inscrito en una jurisdicción en donde no es usual que se utilicen los dos apellidos, por lo que puede existir un error. A tenor de lo antes discutido, procede la revocación de la *Resolución* emitida el 14 de junio de 2024. El TPI debe celebrar una vista y permitir que la señora Evelyn Tolentino presente la prueba necesaria para aclarar la controversia.

**IV**

Por las razones discutidas, expedimos el auto solicitado y revocamos la determinación del foro primario. Devolvemos el caso al TPI para que continúen los procedimientos conforme lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

La jueza Aldebol Mora disiente sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones